89   371<br>96   720

GIBBS ET AL. v. McFADDEN.

1. **Practice:** DEMURRER. The commencement of an action in equity when it should have been at law, or *vice versa*, does not constitute ground of demurrer. The appropriate remedy in such a case is a motion to transfer the action to the proper docket.

2. **Equity jurisdiction:** TRESPASS: INSOLVENCY. Equity has jurisdiction of an action which seeks a remedy for repeated and continuing acts of trespass, where the party committing the same is insolvent.

*Appeal from Mahaska Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION in equity to rescind a lease of land and for an injunction to restrain the defendant from committing repeated trespasses. A demurrer to the petition of plaintiffs being sustained and the petition dismissed, they appeal to this court. The facts of the case appear in the opinion.

*John F. Lacey*, for appellants.

*Seevers & Cutts*, for appellee.

MILLER, CH. J.—The plaintiffs, in their petition and amendment thereto, allege that, on the 20th day of February, 1873, E. H. Gibbs, one of the plaintiffs, entered into a written contract by which the defendant was to have control of a certain farm of said plaintiff for the year 1873, except the dwelling house, which contract is as follows:

"Contract entered into this 20th day of February, 1873, between E. H. Gibbs and N. McFadden, witnesseth: That the said E. H. Gibbs does rent to the said McFadden his farm for the term of one year from this date, together with one pair of horses, and tools necessary to carry on said farm. The

said Gibbs agrees to stock said farm with the amount of stock he thinks can be handled to good advantage, said Gibbs to use his own judgment in regard to the purchase of said stock, also in disposing of the same. The said McFadden agrees to work said farm, to see to all the necessary repairs, to see to all wood necessary for the house, in fact to do everything in good workmanlike manner, or the same as he would were he the owner of the property.

" In consideration the said Gibbs agrees to board the said McFadden and to give him one-third of the net profits realized on the cattle and hogs they may handle on said farm. Should said McFadden, after a reasonable time, prove not to. take proper care of said farm and equipments, and do his work in a good, workmanlike manner, then the said Gibbs shall pay him a reasonable amount for his labor, and this contract shall be null and void. E. H. GIBBS.

    [Signed,] N. McFADDEN."

It is alleged that, although a reasonable time has elapsed, yet defendant persistently neglects to take care of said farm and equipments, and although plaintiff has offered to pay defendant a reasonable compensation for his services under the contract, yet he refuses to receive the same, and claims to control said farm and continue in the use and occupation thereof; that the defendant neglects and refuses to perform the services agreed upon in the contract, and refuses to permit the plaintiff to have the same performed by others; that on the 4th day of June, 1873, E. H. Gibbs and wife leased said farm and personal property to I. M. Gibbs, for the year 1873, said wife of E. H. Gibbs being the owner thereof; that I. M. Gibbs took possession under said lease about that date, and is still in possession thereof; although defendant is constantly interfering with his possession; that he interferes with the control and management of the dwelling house and prevents the servants therein employed from performing their duties; that he has procured to be carried off portions of the furniture from said dwelling house; that he has injured the stock of said I. M. Gibbs on said farm; that he, in every way

in his power, endeavors to annoy and harass said I. M. Gibbs and family in the possession of said premises, and although repeatedly requested to cease said annoyances, and carry out the terms of the contract, refuses so to do and continues to violate the same.

. It is further alleged that the defendant was an unmarried man at the time of making the contract; that it was understood that the plaintiff only leased to him the farm, and not the dwelling house; that defendant did not take possession of the dwelling, but boarded with plaintiffs therein until he commenced the wrongful acts complained of; that defendant. is insolvent, and that plaintiff has no adequate remedy at law.

The petition prays an injunction to restrain the defendant from further interfering with the farm and property, for an accounting between the parties, and that the written contract may be rescinded, canceled and declared void, etc.

To this petition the defendant demurred on the following grounds:

" 1. The said petition and amendments do not state sufficient facts to entitle the plaintiff to the relief demanded. '

" 2. The facts stated in the petition and amendment show that plaintiffs have a complete, speedy and adequate remedy at law.

" 3. The plaintiffs seek, by amendment, to modify the terms of a written lease by a contemporary parol agreement."

. The court sustained the demurrer, and the plaintiffs refusing to amend, judgment was rendered dismissing the petition.

I. The last ground of the demurrer is not relied upon in argument in this court by counsel for appellee, and for that reason will receive no notice at our hands.

. It is insisted by counsel for appellee, and the bulk of their argument is devoted to the position, that the plaintiffs had a

1. PRACTICE: plain, speedy, and adequate remedy at law for the
demurrer. injuries complained of, and for that reason cannot bring a suit in equity. If it were conceded that the plaintiffs did have a full, speedy and complete remedy at law, still that fact is no ground for a demurrer to the petition. The statute provides that " an error of the plaintiff as to the kind of pro-

ceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer of the action to the proper docket." Code, Sec. 2514; Rev., Sec. 2613. It has been frequently held by this court under this provision of the statute, that it is not ground of demurrer that the plaintiff has commenced his action in equity when it should have been at law, or *vice versa;* that the appropriate remedy is by motion to have the action changed into the proper proceedings. *Conyngham v. Smith*, 16 Iowa, 417; *Byers v. Rodabaugh*, 17 Id., 53; *Brown v. Mallory*, 26 Id., 469.

II. But, were the rule of practice otherwise, we think this demurrer should have been overruled, for we are of opinion that the action is properly brought in equity; that the facts stated constitute a cause of action, cognizable in equity.

If it be true, as alleged in the petition, that the defendant failed, after a reasonable time, to perform his agreement in 2. EQUITY: respect to taking proper care of the leased prem-
jurisdiction: ises and the equipments, and failed to do his work
trespass: in-
solvency. in a good workmanlike manner, then, under the written contract, Gibbs had a right to terminate the lease and pay the defendant for his labor. The plaintiff alleges that he did thus rescind the contract, and leased the premises to I. M. Gibbs. It is alleged that, notwithstanding all this, the defendant persistently claims to remain on and about the premises, and is carrying off furniture from the house, injuring the stock on the farm, and in various ways repeatedly and constantly interfering with the real and personal property and the operations on the farm and about the house. The demurrer admits the facts alleged.

The questions presented in the petition are, first, whether there was such a breach of contract on the part of the defendant as entitled the plaintiff, E. H. Gibbs, to declare the contract ended. If this be found in favor of the plaintiff, then, what compensation should the defendant receive for his labor; and also, whether the defendant has been guilty of the repeated trespasses and wrongs alleged in the petition. A court of equity can determine all of these questions in one suit, and a

court of law cannot. The remedy, therefore, is not full and complete at law. See *Cowles v. Shaw*, 2 Iowa, 496, where it is held that where the defendant in an action of trespass, which is being continued, is insolvent, an injunction to restrain the commission of the trespass may properly issue. In this case it is alleged that the defendant has committed numerous trespasses, and is continuing in their commission, and that he is insolvent. These facts bring the case within equitable cognizance.

The demurrer should have been overruled.

REVERSED.