## TEN EYCK v. SJOBURG ET AL.

1. **Trespass on Land:** REMEDY: INJUNCTION. Defendant, upon the foreclosure of a contract for the purchase of the land, was removed therefrom by the sheriff under a writ of assistance, but he returned and again **took** possession in defiance of the mandate of the court. *Held* that an injunction was properly granted to prevent the continuance of the trespass.

*Appeal from an Order of the District Judge of Hamilton County.*

WEDNESDAY, APRIL 21.

THE plaintiff, Elizabeth W. Ten Eyck, is the owner of 160 acres of land in Hamilton county, of which the defendants, Olof Sjoburg and his wife, wrongfully hold possession. The action is brought to obtain an injunction to prevent the defendants from occupying the premises. An application for a preliminary injunction was made to the Honorable H. C. HENDERSON, district judge, at chambers, and an order for such injunction was granted. From the order the defendants appeal.

*Chase & Chase*, for appellants

*W. J. Covil*, for appellee.

ADAMS, CH. J.—The defendant Olof Sjoburg purchased the land in question in 1876 of the then owner, Henry Ten Eyck, husband of the plaintiff, but now deceased. Sjoburg took a contract for a deed, and occupied under it. He failed, however, to pay for the land, and Ten Eyck foreclosed the contract, obtained an execution, sold the land under execution and bid it in. At the end of the year, no redemption having been made, Ten Eyck obtained a deed. He then died, and the plaintiff, his surviving widow and executrix of his will, claims under him. The decree of foreclosure of the contract provided for a writ of assistance in the plaintiff's behalf, to enable him to obtain possession. Under the decree such writ was issued April 16, 1883, and served three days later. The sheriff's return shows that he served it by reading it to the defendant Olof Sjoburg, and by removing him from the premises. It appears, however, that, in obedience to the writ, Sjoburg immediately returned, and has been occupying the premises ever since.

The defendants contend that the plaintiff is not entitled to an injunction because she has an adequate remedy at law, either by the issuance of another writ of assistance, or by an action of right. But, in our opinion, their position cannot be sustained. The plaintiff's rights have been fully adjudicated, and the defendants are in possession only as mere trespassers and in disregard of the mandate of the court. They have shown a strange persistence in their endeavor to occupy the premises. Their counsel seek to justify them on the ground that they made an improvident contract, and also upon the ground that, even under that contract, no decree for an execution should have been rendered. But we cannot go into any inquiry of that kind. As the case now presents itself, the defendants seem determined to hold possession in

disobedience of any legal process that can be issued against, them. We think that the plaintiff is entitled to the speedy remedy of an injunction.

AFFIRMED.