PIKE *v.* NEW HAMPSHIRE TRUST CO.

A tenant who induces his landlord to believe that he will vacate the premises within the term upon being paid for the expenses of his removal, is not entitled to an injunction to restrain the landlord from interfering with his possession when it would occasion irreparable damage. In such a case a bond from the landlord affords ample protection.

BILL IN EQUITY, for an injunction to restrain the defendants from interfering with the plaintiff's possession of the store occupied by him in Stark block in Manchester. March 24, 1887, John Kennard and Joseph F. Kennard leased to the plaintiff the store

* See foot-note on page 80.

for the term of five years from May 1, 1887, with the privilege of renewing the same for an additional term of five years. The parties bound themselves in the lease by mutual covenants as to peaceable possession, the payment of rent monthly, against under-letting, etc. February 1, 1892, the Kennards leased Stark block to the defendants for the term of fifty years, "subject to the conditions and provisions of any existing lease heretofore made by the said lessors." The defendants claimed that the plaintiff's lease had been forfeited by his failure to perform the conditions thereof. February 9, 1892, the plaintiff asked Upton, the president of the Trust Co., what their plans were. He was informed that they intended to rebuild as early as possible in the spring. He said he expected to stay longer, and that it was too bad to take advantage of a technicality for breaking the lease. Upton replied, that the company did not desire to do so unless it was necessary; that the Kennards told him they never regarded the plaintiff's lease as valid; and that he understood when the company took their lease that the plaintiff's lease was forfeited. The plaintiff said in reply, that he was a business man, and knew enough to understand the position he was in, and that he did not intend to stand in the way of public improvement. Upton asked him how long it would take him to get out, and he said that if he could have a year he thought satisfactory arrangements could be made. Upton said it was impossible to grant so long a time. The plaintiff asked what the company would give him to get out in less time, but Upton declined to make any proposition. They then talked about several places where the plaintiff could move to, and examined one or two places. Early in March the plaintiff complained to Upton of the shortness of the time for getting out, and again asked what they would allow him for moving. Upton said the company would treat him fairly,—would assist him in the expense of moving. But this was not satisfactory to him.

February 12 the defendants served notices upon all the occupants in the block, including the plaintiff, to quit April 1, 1892. Upton testified that in consequence of what the plaintiff said, as above related, the company, in making their preparations to rebuild, acted on the assumption that the plaintiff would move out. Before the bill was filed in this suit the company had torn down a large part of the block, and had made plans for and were preparing to erect a new building on the leased land.

The court found, so far as it is a question of fact, that the defendants could not reasonably infer, from what the plaintiff said or did during his interviews with Upton, that he intended to vacate without some arrangement being made with the defendants satisfactory to himself, and that he is not estopped to set up his lease against them. Upon the filing of the bill a temporary injunction was granted.

*Charles H. Burns,* for the plaintiff.

*Oliver E. Branch* and *James F. Briggs,* for the defendants.

*Per Curiam.** The plaintiff in effect admitted that his lease was forfeited, that he could not legally hold the defendants' property under it, and that he did not intend to oppose them in tearing down the old block and building a new one. He desired to be reimbursed for the expense and loss he would incur in moving; and the defendants agreed to pay him what was equitable and right. Thereupon they proceeded to tear down the block, and to inflict irreparable damage upon themselves if he is allowed to deny the truth of his admissions. But his and their understanding was, that he would not yield to their legal right and leave the premises without an equitable adjustment of his claim for remuneration. During the time required for an adjustment of his claim, the full and complete protection of his rights does not, in equity, make it necessary that the defendants should suffer great and irreparable damage by being deprived of the possession of a part of their block. This is not an action at law. The plaintiff's prayer for equitable relief cannot be granted except on condition that he shall do what equity requires under the circumstances. Though the court found as a fact at the trial that he is not estopped to claim under his lease, yet it is matter of law that he is estopped to ask equitable relief without doing what, in equity, he ought to do; and equity requires him to do what he gave the defendants to understand he would do. He must therefore vacate the premises upon an adjustment of his claim that the defendants pay him what equity requires to remunerate him for the loss to be incurred by his removal. This result may be effectively accomplished by an order that the temporary injunction be dissolved upon the filing of a bond by the defendants running to the plaintiff in a sufficient amount conditioned to pay the plaintiff such sum as shall be found to be equitable. Whatever might be the result at law, equity will not inflict upon the defendants the gross injustice which the plaintiff asks.

*Case discharged.*

SMITH, J., did not sit: CHASE, J., dissented: the others concurred.