FRED E. FORBES, Appellant, v. FRED T. CARL, Appellee.

Injunction: LANDLORD AND TENANT: ANTICIPATED BREACH OF CON-
TRACT. A lessee cannot maintain a suit in injunction against his
landlord prior to the commencement of his lease, on the ground
that the landlord threatens to deprive him of possession at the
time he will become entitled thereto by the terms of the con-
tract.

*Appeal from Johnson District Court.*— HON. W. G. THOMP-
SON, Judge.

SATURDAY, OCTOBER 22, 1904.

SUIT in equity to enjoin defendant from interfering
with plaintiff in his attempt to take possession of and enjoy
the use of certain property. A demurrer to the petition was
sustained, and plaintiff appeals.— *Affirmed.*

*Henry E. Porter,* for appellant.

*Baker & Ball,* for appellee.

DEEMER, C. J.— One Kirkpatrick by written contract
leased to plaintiff certain premises in the town of Lone Tree
for the term of three years, " to commence this summer as
soon as the building can be properly fitted up for a meat
market after it is vacated by J. L. Rawhouser, who now
occupies it," at the monthly rental of $13 per month.

It is alleged in the petition " that possession was to be
given him the ensuing summer, at a date fixed by the re-
moval of the then tenant, Rawhouser, and that, as soon as
this removal took place, the owner was to put the rented
premises in condition for a meat market, and permit plain-
tiff to move into the same such fixtures as he then had in
use; that for this lease he was to. pay the owner the sum of

$13 per month, payable in advance; that he has always been able, ready, and willing to fulfill his part of the agreements, and has offered the owner to do so, and has perfected his arrangements to take and occupy the building as contemplated in said lease." It is further alleged that after the execution of the lease defendant purchased the property, with full knowledge of the lease, and agreed to give plaintiff possession of the property thereunder; but that thereafter he concluded not to do so, and, unless restrained, that he will harm and injure plaintiff bodily should he attempt to take possession; that defendant stated that he intended to use the property for his own purposes, and would forcibly prevent plaintiff from taking possession thereof; that plaintiff intended to take possession as soon as the previous tenancy had expired, but that defendant has ordered the previous tenant to turn the keys of the building over to him (defendant), and refuses to take any steps looking to the recognition of plaintiff's leasehold rights; that the previous tenancy will expire in a short time, and that, unless plaintiff be given the possession of the leased property, he will have nowhere to go; that, should the defendant take possession, he (plaintiff) would be driven to a multiplicity of suits for damages, trespasses, and ejectments, be put to great expense, and seriously injured in his business, the extent of which would be immeasurable.

The petition being in equity, and solely for an injunction, the demurrer was the general equitable one, and raises the question of whether or not the bill states a cause of action. It will be observed that plaintiff has never had the possession of the property, that his contract is executory in character, and that there is no claim that defendant is insolvent. At the time the action was commenced, defendant had done nothing to interfere with plaintiff's rights under his lease. Stripped of all extraneous matter, nothing is charged against the defendant except threats as to what he will do in the future. Plaintiff was not entitled to the pos-

session of the property, had not suffered any damage, nor had defendant done anything, except to state. what he intended to do in the future.   The action is purely equitable in its nature, and will not lie, unless under our statutes it appears that such relief would have been granted in equity prior to the adoption of the Code.   See Code, section 4354. If plaintiff has a plain, speedy, and adequate remedy at law, he, of course, cannot maintain this action.   Defendant was not trespassing upon the property at the time this suit was brought.   The entire gravamen of the charge is that he was threatening to do certain things, which would not in and of themselves amount to a trespass.   He was the owner of the property, and he or his tenant was entitled to the possession and use thereof; and the ultimate question for decision is, may a tenant have an injunction against his landlord before the commencement of his term, because forsooth, the landlord threatens to deprive him of possession when, by the terms of his lease, plaintiff may become entitled thereto? Plaintiff has not as yet suffered any damages, for he was not, when this action was commenced, entitled to possession. Recognizing this, he did not make any claim for damages, but was evidently looking ahead to some anticipated breach of contract.

Courts of equity are extremely reluctant to deal with questions affecting the possession of real estate.   Legal remedies are usually adequate for the protection of the parties, and equity will not, as a general rule, interfere to change the possession from one to another, or to transfer it to one whose rights have not been established at law.   *Toledo R. R. v. Detroit R. R.,* 61 Mich. 91 (27 N. W. Rep. 715). Where one is already in possession, equity will sometimes lend its aid to protect him therein.   *Ten Eyck v. Sjoburg.* 68 Iowa, 625.   But we have found no case which holds that equity will interfere upon the application of one who is not in possession, and who at the time of the commencement of the action has no present right thereto, to prevent another

from carrying out his threats not to give possession at the time that right accrues. Of course, mere threats may sometimes be a sufficient basis for an injunction; but these threats must be of a wrong which it is within the power of a court of equity to correct. Will an injunction issue at the instance of a lessee, not in possession, against his lessor, who threatens not to give it to him at the time he becomes entitled thereto? We have found no case which so holds, and know of no principle of law which justifies such relief. Plaintiff argues the case on the theory that defendant has committed a trespass, or is about to commit one, which is irreparable in character; but the allegations of the petition do not make such a case. He has not established his rights at law, nor does he ask for specific performance of his contract. Had he asked the latter he would not have been entitled to an order changing the possession pending the litigation. This is fundamental. He had not suffered any damages at the time the action was commenced, and did not ask for any in his petition. The case is simply an action of threatened breach of contract, and to enjoin the defendant from committing a breach at some future time. Even if there had been a breach, there are no sufficient allegations of irreparable injury. If there be a future breach, plaintiff has a remedy at law for damages, or, if this be not adequate, he may perhaps have specific performance of his contract. But if he adopts the latter remedy, a preliminary injunction will not lie to change the possession pending trial. There is no equity in plaintiff's bill, and the trial court was right in dismissing the petition and in denying the temporary writ of injunction.— *Affirmed.*