CITY OF FORT DODGE, Appellant, v. FORT DODGE TELEPHONE COMPANY et al., Appellees.

**INJUNCTION:** Temporary Writ—Object and Purpose—Maintenance of Status Quo—Relief from Improvident Writ. Temporary injunctions should work the effect of maintaining the *status quo* of the

parties in the subject-matter in controversy, pending the final determination on the merits. If, after the issuance of such writ, it appears to work a counter effect, the court may very properly enter a dissolution under such conditions as will maintain the *status quo* without material injury to either party.

PRINCIPLE APPLIED: Plaintiff city had granted separate charters to two different telephone companies. One of the companies, defendant herein, absorbed the other company, and thereafter, for five years, claiming the right to operate under the absorbed charter, fixed and charged rates accordingly. Plaintiff, claiming that defendant must operate under its original charter, sought to enjoin the charging and collection of said rates. Temporary injunction was granted. *Held*, the court properly dissolved the temporary writ on condition that defendant file a bond conditioned to repay to all patrons all overcharges, should it appear on the trial on the merits that they were such.

*Appeal from Webster District Court.*—HON. J. L. KAMRAR, Judge.

FRIDAY, NOVEMBER 26, 1915.

ACTION in equity to enjoin the defendant from charging and receiving rentals from its patrons in excess of rates specified in its original charter, as granted by the plaintiff. A temporary injunction was issued *ex parte*, conditioned upon the filing of a bond for $2,000. The bond being filed, the writ issued. Thereafter, the defendant answered and filed a motion to dissolve the temporary writ. A hearing being had upon such motion, the trial court dissolved it conditionally. The condition being performed by the defendant, the temporary writ was dissolved. From such order of dissolution the plaintiff appeals.—*Affirmed.*

*Helsell & Helsell* and *Mitchell & Fitzpatrick,* for appellant.

*Healy, Burnquist & Thomas, Kenyon, Kelleher & O'Connor,* and *Price & Joyce,* for appellees.

EVANS, J.—The defendant is a local telephone company, owning and operating a telephone exchange in the plaintiff

city. It originally obtained a charter from the city in 1898.
Subsequently, it purchased from and became successor to the Iowa Telephone Company, which also had a charter from the plaintiff city. One of the disputes between the parties is as to which charter governs their relations to each other. The defendant claims to be operating under the charter of the Iowa Telephone Company. The plaintiff claims that defendant is operating under its original charter and that it has no right to do otherwise. The case has not been tried on its final merits, and we have nothing to do with these at the present time. The only question before us is the question of the propriety of the dissolution of the temporary writ of injunction. The rates which the plaintiff complains of had been in operation for five years prior to the beginning of the suit, and these rates were enjoined by the temporary writ. The trial court dissolved the temporary writ upon conditions the substance of which was as follows:

INJUNCTION: temporary writ: object and purpose: maintenance of *status quo;* relief from improvident writ.

"The said Fort Dodge Telephone Company, defendant, shall within five days herefrom make and file a good and sufficient bond in the sum of $25,000 with sureties to be approved by the clerk of the district court of Webster County, Iowa, said bond to be drawn in favor of D. J. Coughlin, as trustee (said D. J. Coughlin having been designated by counsel appearing for the plaintiff), and which bond shall be for the use and benefit of the city of Fort Dodge and all and every person or persons interested in the same in any manner. Said bond to contain conditions which will protect and indemnify the said city of Fort Dodge, and all persons for whose use and benefit the said bond is given, and secure them the repayment of any overcharges or illegal charges made or enforced by the Fort Dodge Telephone Company, and further conditioned that the said Fort Dodge Telephone Company will give to every person who demands it a receipt or voucher, stating the date of the payment and amount paid for any charge made by the

Fort Dodge Telephone Company, and having the same endorsed thereon the words 'paid under protest', and conditioned that the said Fort Dodge Telephone Company will keep a record of all payments so made, and refund and return to every such person any and all illegal charges or overcharges exacted from such users, patrons or subscribers hereafter (and including payments hereafter made or charges for services now due and delinquent, as well as for future service). Said bond shall be further conditioned that, in event of the Fort Dodge Telephone Company's failure to promptly comply with the conditions of said bond, a suit is. brought thereon and a recovery had, there shall be taxed as a part of the costs of the case a reasonable attorney's fee in favor of the attorneys acting for such trustee in said suit on said bond.''

These conditions were immediately complied with by the defendant, and the *status quo* of the parties was thereby restored.

The purpose of a temporary writ is, ordinarily, to maintain the *status quo* of the parties and to so protect the subject of the litigation that the fruits thereof shall not be lost to the successful party. The effect of the temporary writ in this case was not to maintain the *status quo*, but rather to destroy it with a stroke of the pen, without warning or hearing. The effect of such temporary writ, if continued, would have been to work an irreparable injury to the defendant before it could reach a hearing on the merits of the controversy. In determining whether a temporary writ of injunction shall issue, or whether it shall stand after issue, the court will look to the situation of both parties, the defendant as well as the plaintiff, and will exercise its power to issue or to dissolve with a view to the relative amount of injury to be suffered by the parties respectively. When a temporary injunction will cause great injury to a defendant and be of

comparatively little benefit to the plaintiff, it is a proper exercise of judicial discretion to refuse the writ.

That a large discretion is vested in the trial court in such matters, we have often held. *Laplant v. Marshalltown,* 134 Iowa 264; *Chicago, G. W. R. Co. v. Iowa Central,* 142 Iowa 459. To the same effect is *Barney v. City of New York,* 80 N. Y. Supp. 972; same case, 82 N. Y. Supp. 124; *Bennett Lumber Co. v. Fall* (Tex.), 157 S. W. 209; 22 Cyc. 782-784, 968 to 1001; *Pike v. New Hampshire Trust Co.* (N. H.), 38 Atl. 721.

In the case before us, we think that the conditions upon which the dissolution of the writ was ordered afforded full protection to the plaintiff. The maintenance of the temporary writ could afford to the plaintiff no greater protection than it now has, so far as preserving the fruits of the litigation is concerned. If the writ could work any further advantage to the plaintiff, it would be only the indirect advantage of inflicting irreparable injury upon the defendant, pending litigation. This is only saying that the use of the writ to such end would be oppressive, and furnishes a reason for its dissolution, rather than its maintenance. The necessary effect of the temporary writ was to destroy for the time being the defendant's entire system of debits and credits, and to make it impossible for the company to collect its ordinary accounts from its 3,600 patrons.

We are very clear that the conditional dissolution of the temporary writ was a proper exercise of discretion, and the order is accordingly—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.