DANIEL TORPY, Appellee, v. CHARLES HAGEDORN et al., Appellants.

**INJUNCTION: Trespass on Land.** Evidence held to establish the surrender and cancellation of a lease, and the right of the former landlord to an injunction restraining the former tenant and his employees from trespassing upon the land.

*Appeal from Shelby District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 13, 1921.

ACTION to enjoin a trespass. All of the material facts are stated in the opinion. Judgment and decree for plaintiff, as prayed. Defendant appeals.—*Affirmed.*

*Douglas Rogers,* for appellants.

*T. H. Smith,* for appellee.

STEVENS, J.—Daniel Torpy, appellee herein, some time prior to March 1, 1919, leased the SE¼ of the NW¼ of Section 13, Township 81, Range 37, Shelby County, Iowa, to Gus Hagedorn, for three years, commencing on said date. By the terms of the lease, which was in writing, the lessee agreed not to sell, assign, underlet, or relinquish the premises without the written consent of the lessor; to fairly plow, cultivate, and farm the land in a farmer-like manner; to mow the fence rows and roadsides each year before August 15th; not to do any act which would avoid insurance on the buildings; to guard said buildings, gates, fences, vines, shrubbery, and orchards from damages; to keep improvements in as good repair as they were at the time of the lease; to remove no fences, buildings, trees, or shrubbery of any kind from said premises; to haul out all manure in the summer and fall, and place it where directed by the lessor; to seasonably plant and tend crops; to cut or use no timber growing on said premises for fuel; and at the expiration of the lease, or upon a

breach of any of the covenants therein contained, to surrender immediate possession to lessor, without notice of any kind. The premises contained about the usual improvements, and were occupied for a time by one of appellant's employees; but appellant did not himself live on the premises. The appellant Charles Hagedorn moved upon the premises January 19, 1920, about one week after appellee had served a written notice upon the lessee that he elected to declare a forfeiture of the lease, upon the ground that lessee had breached its covenants in many particulars. This action was originally brought against Charles Hagedorn alone. After an answer was filed by him to plaintiff's petition, setting up that he was in possession as the employee of the appellant Gus Hagedorn, appellee amended his petition, making Gus Hagedorn a party defendant, and setting up the breach of the covenants of the lease, and also the abandonment of the leased premises by the lessee, and a surrender and cancellation of the lease by mutual agreement.

The evidence is in sharp conflict upon all points. An effort was made by appellants to impeach the general reputation of appellee for truth and veracity in the community in which he resides. Whatever the actual fact may be as to his general reputation in the respects named, the evidence introduced to establish same is not persuasive. There is no way of harmonizing the evidence. There is a conflict therein upon every material point. Appellee testified that the defendant, or those in his employ in possession of the land, cut trees standing thereon, broke out the windows of the house, tore off doors, gates, etc., converted a new henhouse into a garage, and a granary into a henhouse, and otherwise injured and damaged the premises, and breached the covenants of the lease.

It is further claimed by appellee that appellant, without his consent, sublet the premises to his brother and codefendant, Charles Hagedorn. Appellant either denied the alleged breach of the covenants of the lease or sought to avoid the effect thereof by testifying that whatever he did was with the consent of appellee. Charles Hagedorn does not claim to occupy the premises as the tenant of appellee, but states that he entered thereon under an oral agreement with his brother to work for him at an agreed wage of $6.00 per day, during such time as he was

not occupied in the cultivation of a 40-acre tract a short distance from the leased premises, which he had leased from his brother Otto. He admitted that, although he moved upon the demised premises January 19th, he had performed no services for his brother up to the time of the trial, which was in April following.

It is quite apparent from the record that the purpose of Charles Hagedorn in moving upon the demised premises was to be near the land he had rented of his brother Otto, and that whatever agreement may have existed between himself and his codefendant that he would work for him, when not otherwise engaged, was incidental to the main purpose. We find it unnecessary to consider the question raised by appellant as to appellee's right to maintain this action in equity for the forfeiture and cancellation of the lease, and to transfer possession of the leased premises from the lessee to himself. We think, however, that it is shown, by a fair preponderance of the evidence, that many of the covenants of the lease were broken by the lessee; that he had abandoned the lease, and had, before the commencement of the action, agreed with the lessor to the cancellation and rescission of the lease, in consideration of the surrender of the rent notes for the remainder of the term.

Before commencing this action, appellee gave to the appellant Gus Hagedorn a written notice of his election to forfeit the lease, and entered upon the premises and nailed up some of the gates, and the windows and doors of the house. Gus Hagedorn was not in the actual physical possession of the premises, nor, under the arrangement with appellee, did he have a right to resume possession or control thereof. He would have been a trespasser, had he gone thereon. In these circumstances, Charles Hagedorn was a trespasser, and without right to occupy the premises. The evidence tends to show that he caused some damage to the property after January 19, 1920, the date on which he moved into the residence thereon.

The action is not one for possession, but to enjoin Gus Hagedorn from going upon said premises and committing a trespass, and his brother from continuing to trespass thereon. After Gus Hagedorn abandoned the lease and it was forfeited by plaintiff, and by agreement of the parties it was canceled or

rescinded, he could not authorize his brother to move upon the farm as an employee.

Although the question is close, we think the evidence sufficient to justify a court of equity in assuming jurisdiction (*Doige v. Bruce,* 141 Iowa 210, *Currier v. Jones,* 121 Iowa 160) ; and that the case does not come under the rule announced in *Hall v. Henninger,* 145 Iowa 230, and *Reiger v. Turley,* 151 Iowa 491. No motion was offered to transfer the case to the law side of the docket for trial.

It follows, without the necessity of further discussion, that the judgment and decree of the court below should be and are— *Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.