CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee, v. SAMUEL H. WOODS et al., Appellants.

**APPEAL AND ERROR:** Stay of Proceeding—Power of Trial Court. The district court may balance the convenience and inconvenience to the respective litigants, and by proper order continue in force a mandatory injunction, pending appeal in the main action.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

DECEMBER 11, 1923.

ACTION in equity, to restrain attorneys and witnesses from proceeding to take depositions in Iowa under the so-called ambulance-chasing statute. A temporary injunction was granted. Defendants demurred to the petition, and the demurrer was sustained. The plaintiff made an application to the district court for a stay order, pending appeal to this court by plaintiff on the ruling on the demurrer. The application for stay was sustained. It is from this order alone that defendants have appealed.—*Affirmed.*

*Davis & Michel, R. M. Haines,* and *Lehmann, Seevers & Hurlburt,* for appellants.

*J. G. Gamble, R. L. Read,* and *A. B. Howland,* for appellee.

PRESTON, C. J.—There is some argument by appellants on the merits, but the notice of appeal recites that defendants appeal from so much of the order and decree as continues in force the temporary injunction. We regard that as the only question before us at this time.

It appears that one C. Y. Hope, a resident of Iowa during his lifetime, lost his life in an accident in southern Iowa. A. D. Schendel was appointed special administrator by the probate court of Hennepin County, Minnesota, and an action was brought by the administrator against the plaintiff herein in the district court of Steele County, Minnesota. It is not shown that appellants will suffer injury if the temporary injunction is continued in force during the appeal from the ruling of the district court on the demurrer. On the other hand, it does appear that the plaintiff would suffer injury if it is not continued. The defendants could proceed to do the things prohibited by the injunction, if there was no stay. If this should be done before the determination of the ruling on the merits of the other appeal, a reversal therein would be ineffectual. We think the balance-of-convenience rule applies. *City of Fort Dodge v. Ft. Dodge Tel. Co.,* 172 Iowa 638; *Van Horn v. City of Des Moines,* 192 Iowa 1313; *City of Audubon v. Iowa Lt., H. & P. Co.,* 192 Iowa 1389, 1391.

We think that the district court, sitting as a court of equity, had the power, and properly exercised it in the instant case, to grant the stay. The rule is stated in 3 Corpus Juris 1281, as follows:

"Even in the case of appeals from orders or decrees granting, refusing, dissolving, or refusing to dissolve prohibitory injunctions, the lower or the appellate court may have the power, in order to preserve the *status quo,* pending the appeal, or to prevent irreparable injury or multiplicity of suits, to issue a supersedeas or stay, or to suspend, modify, grant, or continue an injunction."

This court, in a proper case, may restore an injunction dissolved, or modify one granted. This was done in the *Van Horn* and *Audubon* cases, supra. It would be a useless proceeding for this court to set aside the stay granted by the district court and

then have an application here to accomplish the same purpose. The order is affirmed.—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.