PEOPLES SAVINGS BANK, Appellant, v. MARY McCARTHY, Appellee.

DECEMBER 14, 1928.

*Turner & Turner*, for appellant.

*Robertson & Robertson,* for appellee.

MORLING, J.—We infer that the suit was brought in the names of the present appellant, Peoples Savings Bank, as the owner, and of Russman Brothers, as tenants, of a farm. The petition alleged the bank's ownership and the Russmans' tenancy under lease dated April 8, 1927; alleged that defendant claimed to have some right to cultivate, had begun to cultivate, and was threatening to put in crop; alleged that defendant was a trespasser, and insolvent. Only injunctive relief was asked. Defendant did not file answer, but did file motion to dissolve, grounded on insufficiency of facts and legal cause for the issuance of the writ, and on affirmative allegation of the making of an oral lease to defendant. The motion was supported by two affidavits to the effect that defendant was tenant for the crop season ending March 1, 1927, and had continued in possession until the service of the temporary writ; that, prior to March 10, 1927, plaintiff bank orally leased the farm to defendant for the year ending March 1, 1928. Plaintiff called affiants for cross-examination. The cross-examination sustained the affidavits. The president of the bank testified that he told defendant: "We have to rent to someone. They could rent it as well as anyone else, provided they settle the 1926 rent which was in course of collection through suit;" and that he insisted upon guaranty of the payment of that (1926) rent, which defendant did not give. Defendant's evidence was that she agreed to pay the back rent out of sale of cattle, to which the bank president did not object, and that she later sold the cattle, and offered him the rent, but he said she would have to see his attorney. The court found that plaintiff did lease the farm to defendant for the year ending March 1, 1928, on condition that the rental for the year 1926 be paid within reasonable time. The court ordered that, if defendant should pay, by May 3, 1927, the back rent and costs, the motion to vacate should be sustained; if not, overruled. Defendant's attorney filed, on May 3, 1927, an affidavit that he tendered to plaintiff's president the back rent and paid the costs.

The plaintiff's propositions, in substance, are that there was no denial of the allegations of the petition; that defendant, without answer, asked dissolution on affirmative grounds, which could only be made by answer; that dissolution may not be granted on mere motion unless grounds therefor appear from

the petition. "That is, that the plaintiff acted wrongfully in the securing of the" temporary writ. These points seem not to have been made in the lower court. On the contrary, the motion was heard on the affidavits, on plaintiff's cross-examination of affiants, and on plaintiff's rebutting oral evidence, with no suggestion from plaintiff of necessity of an answer. We have held:

" * * * the motion [to dissolve] supported by the testimony should be accorded the same effect as if the same facts had been pleaded in an answer." *Keister v. Bengtson*, 193 Iowa 425, 430.

See, also, *H. W. Gossard Co. v. Crosby*, 132 Iowa 155. Plaintiff relies on *Huskins v. McElroy*, 62 Iowa 508; *Fargo & Co. v. Ames*, 45 Iowa 494; *Bankers Sur. Co. v. Linder*, 156 Iowa 486; *Heisinger v. Modern Brotherhood of Am.*, 192 Iowa 46; *Hayes v. Billings*, 69 Iowa 387; *Wingert v. City of Tipton*, 134 Iowa 97. We think these cases are inapplicable to the case made here. The finding of the court was amply supported by the evidence. Dissolution of a temporary writ rests largely in the sound discretion of the court. *City of Fort Dodge v. Fort Dodge Tel. Co.*, 172 Iowa 638; *Van Horn v. City of Des Moines*, 192 Iowa 1313. The purpose of the writ is ordinarily to preserve the *status quo*. The order of dissolution amply protected plaintiff. We need not discuss defendant's proposition that plaintiff had adequate remedy at law, and cannot proceed by way of injunction to determine the right of a tenant in possession who holds over. See *Forbes v. Carl*, 125 Iowa 317; *Hall v. Henninger*, 145 Iowa 230; *Torpy v. Hagedorn*, 192 Iowa 845; 32 Corpus Juris 132 *et seq.*, 138.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.