PEOPLES SAVINGS BANK OF AVOCA et al., Appellants, v. MARY McCARTHY et al., Appellees.

No. 40102.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*Turner & Turner* and *John Fletcher*, Attorney-general, for appellants.

*Robertson & Robertson*, for appellees.

STEVENS, J.—This is the second appearance of this case on appeal in this court. For the former decision, see 207 Iowa 162. It appears from the record, or the concessions of counsel, that,  in 1926, appellee cultivated, under an oral lease, a farm owned by appellant. The rent for that year, upon final compromise of the parties fixed at $780, has not been paid. Claiming to have an oral lease for the same premises for the succeeding year, appellee attempted to go upon the premises for the purpose of cultivation. To prevent her from doing so, this action for an injunction was commenced, and a temporary writ procured. In due time, appellee moved for the vacation and dissolution of the temporary writ. The motion was supported by affidavits. A hearing was had on the motion to vacate and dissolve the temporary writ, and, upon April 28, 1927, an order conditionally dissolving the writ was allowed by the court. The court in its order found that appellant had agreed orally to lease the premises to appellee for the year 1927, and "ordered and decreed that, if the defendant Mary McCarthy shall, by the 3rd day of May, 1927, pay said plaintiff bank the said $780, being the rent for 1926,

and also pay the costs of certain action now pending in this court, being Case No. 4842, for collection of said 1926 rental, that said motion for vacation of temporary injunction be and the same is sustained, and defendant entitled to possession of premises, and that writ of possession issue, to put defendant in possession.''

Appellee, within the time designated, paid the required costs, and tendered appellant the full amount of the agreed rental for the preceding year. Appellant, however, declined to accept the offered payment, and appealed from the order and decree of the court, and, upon application to one of the judges of this court, a stay, preserving the *status quo,* pending appeal, was granted. The argument for appellant on that appeal dealt almost exclusively with questions in no shape or form raised or considered upon the hearing to dissolve the temporary writ. This court so stated in the opinion filed.

After the decision of this court was announced, affirming the order and decree of the district court, appellee filed an additional motion in that cause, praying the final vacation and dissolution of the temporary writ. A hearing was had upon such motion, in which it was the contention of appellant that no final order vacating and dissolving the temporary writ should be granted, for the reason that appellee had wholly failed to keep good her tender of the rent due for 1926.

It is conceded that appellee did nothing to keep the alleged tender good, and that appellant did not subsequently notify her that the offer of payment would be accepted. Apparently,  counsel for appellant have overlooked in their argument the further order of the court on the motion asking the final vacation and dissolution of the writ dismissing the action. Necessarily, the dismissal of the action would carry with it the final dissolution of the temporary writ. The omission is sought to be covered in a reply argument. In view of the nature of the issues joined, and the sole question presented in the court below and in this court by appellant for decision, we shall, for the purpose of this appeal, treat the order of dismissal as before us for review. The obvious purpose of the filing of the motion praying the final vacation and dissolution of the order granting the temporary writ was to make

a record showing full and complete compliance by appellee with the conditional order of dissolution, dated April 28th. The order conditionally dissolving the writ became effective for that purpose immediately upon full compliance by appellee with the conditions contained therein. The effect of the stay order granted on appeal was to maintain the *status quo* until final decision of the appeal. The affirmance by this court of the order and decree appealed from operated as a final and complete dissolution of the temporary writ. The statement in the opinion on the first appeal that the order of dissolution amply protected the appellant was a mere observation of the court as to the terms and conditions thereof. Nothing said in the opinion was intended to carry an implication inconsistent with the conclusion reached. The present appeal, except as the same may be construed as a challenge of the order of the court dismissing the case, in reality is technically without merit. The theory of appellant that the so-called final order dissolving the temporary writ was improper for the reason that appellee had not kept good her offer, complying with the order of the court, to pay the rent for 1926, is without merit, both upon the record and on the equities of the case. The court, by requiring appellee to pay the rent agreed upon for 1926, together with the costs incurred in the district court in the action to recover the same, did not assume to act in the capacity of a collection agency. The evidence taken on the hearing clearly showed that appellant had agreed to lease the premises to appellee upon condition that the rent for the preceding year was paid. The order of the court was designed to compel appellee to comply with this agreement on her part as a condition precedent to the relief asked, and also to fully protect appellant on its part, under the terms of the oral agreement. The option accorded to appellee required full compliance on her part with the conditional order of dissolution. To avoid the effect of such order, it was necessary that appellant accept the offer of payment made by appellee. In other words, the dissolution of the temporary writ was made conditional upon the consummation of the oral agreement between the parties, so far as any obligation was imposed thereby upon appellee.

Furthermore, time was an element to be considered in the transaction. The oral agreement entered into by the parties was for the rental of the premises for the year 1927. The final

956

order of dissolution was entered in 1929, approximately two years after the term contemplated by the oral agreement had expired. It was then impossible for appellee to perform its part of the agreement.

The order dismissing the case by the court, we think, should be sustained. There could be nothing, under the issues tendered, upon which a final trial could be had. The dissolution of the temporary writ on April 28, 1927, supplemented by the order and decree from which this appeal is taken, together with the lapse of time, left nothing for trial. Appellant does not contend otherwise, but bases its whole argument upon the alleged error of the court in its order and decree finally dissolving the temporary writ without requiring, as a condition precedent thereto, the payment by appellee, of the $780 for rent. No question as to the status of the claim for the $780 rent is before us, and nothing said herein shall be interpreted as affecting the original rights of the parties relative thereto.

We think, clearly, the order and decree complained of was right, and the only one that, on the issues and the record, could have been entered.—*Affirmed.*

MORLING, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.