STANLEY USAILIS, Appellant, v. STEVE JASPER, Appellee.

No. 43559.

FEBRUARY 16, 1937.

William A. Shuminsky, Lester Davidson, and Robert J. O'Connor, for appellant.

Forsling & Cover and C. M. Gasser, for appellee.

HAMILTON, J.— Defendant was a tenant of the plaintiff, occupying under a written lease a certain two-story building located in the city of Sioux City, Iowa. The lower story was used as a beer parlor, dance hall and cafe. The upper story was partly furnished as bedrooms. In an action of forcible entry and detainer, defendant was ejected from said premises on February 24, 1936, and the plaintiff put in formal possession, that is, the key was turned over to him, and the officer's return on the writ stated that the plaintiff was put in possession. At the same time, in obedience to the commands of the writ, a portion of the personal property was levied upon to make the amount of the costs. The officer making the levy left in charge of the premises and this personal property the bartender of the defendant. Before the personal property was all removed or disposed of, the defendant perfected an appeal, filing a supersedeas bond, and obtained a stay order. However, this was three days after the person of the defendant had been removed and the plaintiff formally given possession under the writ of removal. It appears that while the defendant, in response to the officer's

request, peaceably left the premises in the first instance, he repeatedly returned, each time breaking the lock on the door and re-entering said premises. This he did at least three different times. Thereupon, plaintiff brought the instant action to enjoin the defendant from molesting him and interfering with his peaceable possession of the premises, and obtained a temporary writ of injunction. Defendant moved its dissolution, setting up his appeal, the filing of the supersedeas bond and the obtaining of the stay order, which the court sustained, dissolving the temporary writ, holding that the writ of removal had not been fully executed at the time the proceedings were stayed, and that the supersedeas bond afforded the plaintiff a legal remedy. From this order dissolving the temporary writ of injunction and putting defendant back into possession of said premises the plaintiff has appealed.

In support of his right to the temporary writ of injunction appellant relies upon the rule announced in the case of Ten Eyck v. Sjoburg, 68 Iowa 625, 626, 27 N. W. 785, 786. In that case the decree provided for a writ of assistance in the plaintiff's behalf to enable him to obtain possession of the premises involved. Under the decree such writ was issued on April 16, 1883, and served three days later. The sheriff's return shows that he served it by reading it to the defendant and by removing him from the premises. It appears, however, that in disobedience to the writ, defendant immediately returned and took possession of the premises. The plaintiff applied for and was granted a temporary injunction and the defendant appealed from such order, contending that the plaintiff had an adequate remedy at law, either by the issuance of another writ of assistance, or by an action of right. The court said:

"But, in our opinion their position cannot be sustained. The plaintiff's rights have been fully adjudicated, and the defendants are in possession only as mere trespassers and in disregard of the mandate of the court. They have shown a strange persistence in their endeavor to occupy the premises. Their counsel seek to justify them on the ground that they made an improvident contract, and also upon the ground that, even under that contract, no decree for an execution should have been rendered. But we cannot go into any inquiry of that kind. As the case now presents itself, the defendants seem determined to hold pos-

session in disobedience of any legal process that can be issued against them. We think that the plaintiff is entitled to the speedy remedy of an injunction.''

Ordinarily, an action in equity will not lie to determine the right of possession. The statute provides the method at law for determining questions of this kind, but in the instant case the right of possession had already been determined and the defendant removed from the premises, and his continual return to the premises and breaking the lock and re-entering the premises was unauthorized and an unlawful trespass upon the possession of the plaintiff, and to require the plaintiff to continue to institute an action of forcible entry and detainer to remove the defendant from the premises or to bring an action of right to again determine his right of possession which had already been adjudicated would impose an unwarranted burden upon the plaintiff, and a court of equity might properly intervene and grant a remedy by way of injunction to prevent repetition of this trespass, and to stop the unwarranted interference of plaintiff's right to the use and possession of his own property. As stated in Hall v. Henninger, 145 Iowa 230, at page 241, 121 N. W. 6, 10, 139 Am. St. Rep. 412:

''Even if defendant were in fact a trespasser, he had a right to a determination in law of that question, and only after the right of possession as between him and the plaintiff had been adjudicated would it be competent for a court of equity to enjoin him from a repetition of his trespass.'' See also Gibbs v. McFadden, 39 Iowa 371, and Mills v. Hamilton, 49 Iowa 105.

The rule is correctly stated in the case of Forbes v. Carl, 125 Iowa 317, 319, 101 N. W. 100, 101, wherein the court said:

''Courts of equity are extremely reluctant to deal with questions affecting the possession of real estate. Legal remedies are usually adequate for the protection of the parties, and equity will not, as a general rule, interfere to change the possession from one to another, or to transfer it to one whose rights have not been established at law. * * * Where one is already in possession, equity will sometimes lend its aid to protect him therein. Ten Eyck v Sjoburg, 68 Iowa 625, 27 N. W. 785.''

As heretofore stated, the question of right of possession had

already been adjudicated and plaintiff is seeking, by this injunction, protection in that right. Therefore, the plaintiff's right to maintain his action in equity under the circumstances in this case was well founded.

■■ The chief bone of contention centers around the question of whether the writ of removal issued in the forcible entry and detainer action was completely executed before the appeal in said action was perfected and the stay order obtained, the appellant contending that it was completed and that the stay order was of no legal force and effect, whereas the appellee contends that the warrant of removal was not completely executed because the personal property had not been removed. The warrant of removal recited that the officer "forthwith remove said Steve Jasper from the possession and put the said Stanley Usailis in possession thereof." This was served on the same day, to wit, February 24, 1936, and the return of the officer recites "that on the same day I served the same on Steve Jasper, defendant, by removing him from the premises * * * and I now declare the above named premises vacated and in the possession of Stanley Usailis." That this was a complete execution of the writ in so far as the formality of service thereof is concerned must be admitted. In response thereto the defendant peaceably left the premises, and the plaintiff was put in formal possession thereof and defendant admits that the plaintiff locked the front door. The writ did not command the officer to remove the property of the defendant from the premises, but did contain the command to levy on such goods, rights and chattels of the defendant not exempt from execution, necessary to make the amount of the costs.

Courts are not in exact accord as to when a writ of possession has been completely executed. In the case of Hyatt v. Clever, 104 Iowa 338, at page 343, 73 N. W. 831, 833, we find this language:

"By the service of that writ these defendants were put in possession of the disputed land before the decree under which the writ issued had been superseded by appeal; therefore, there was nothing to stay."

In the case of United Porto Rican Sugar Company v. Saldona, (C. C. A.) 41 Fed. (2d) 32, at page 34, the court said:

"* * * when the marshal, standing beside the property and in the presence of the respective parties to the lease and to the writ of execution, delivered possession of it by reading the description contained in the writ of execution, * * * he thereby delivered possession of the Lechuga property * * * in its entirety." The New York court in the case of Grayrock Land Company v. Wolff, 67 Misc. 153, 121 N. Y. S. 953, 955, states:

"If the warrant so required, it would be the duty of the marshal to remove the property of those whom the warrant directed him to evict. * * * Here the command of the warrant merely required the marshal to remove Morris Wolff from the premises. The warrant did not in terms require the removal of the defendant's property. In order to be assured of protection for his official acts, the marshal should obey the terms of the warrant."

And in the case of the Inhabitants of the Township of Union, in the County of Bergen v. George Bayliss and Louis Koch, 40 N. J. Law, 60, the court states:

"The constable had a right to give the tenants an opportunity to remove their goods, or to remove them himself, as the agent of the plaintiff, but he was under no legal obligation to aid in removing them."

The appellee contends that the writ of removal was not completely executed until the property of the defendant was removed from the premises, and he relies upon the following authority:

"In executing a writ or warrant of possession, the officer is authorized and bound to put plaintiff in possession by removing defendant and all persons in possession who are in privity with him or whose rights in the premises are dependent upon and subordinate to his rights, such as members of his family, guests, agents, servants, and the like, but not a person who is neither a party nor in privity with a party. Also the proper execution of the writ requires the removal of defendant's personal property from the premises." 36 C. J., page 671, section 1894.

"In order to constitute a full execution of a writ, both defendant and his personal property must have been removed from the premises, and the real estate given to plaintiff, unless

the removal of the personal property was in some way waived by defendant." 26 C. J., 870, section 153.

This text in Corpus Juris is supported by the case of Lee Chuck v. Quan Wo Chong Co., 81 Cal. 222, 22 P. 594, 596, 15 Am. St. Rep. 50, and in this case, in speaking of the question, the court said:

"It only remains to consider whether the writ was fully executed at the time the stay took effect. We think it was not. In order to constitute a full execution of the writ, the defendant and its property must have been removed from the premises, and the possession of the real estate given to the plaintiff, unless the removal of the personal property was in some way waived by the defendant: Crocker on Sheriffs, sec. 554; Freeman, on Executions, sec. 474; Smith v. White, 5 Dana [Ky.] 376; Witbeck v. Van Rensselaer, 64 N. Y. 27."

The rule announced in the above case has support in several decisions cited in a note in the 15 Am. St. Rep. at page 56. In the cited case there was involved a stock of merchandise which had not been completely removed before the stay order took effect and the court said:

"The stock of goods remained on the premises, and the sheriff remained there, in charge of them. It is true, it is claimed that the sheriff was not in possession of the real estate, but of the personal property; but the personal property being on the premises, and the sheriff there in possession and in charge of them, he was still, in contemplation of law, himself in possession, with his writ unexecuted."

It will be noticed that the writ of removal served on the defendant in the instant case required the officer to remove the defendant and to place the plaintiff in possession, and further that sufficient of the property of the defendant be attached and levied upon to make the cost. The officer levied upon certain property and placed the bartender of the defendant in custody of the property, and the place was locked up. Therefore, the real estate was formally delivered to the possession of the plaintiff, but the personal property was in custody of the sheriff and, before it was removed or any part of it disposed of under the writ, the defendant had perfected his appeal and obtained the

stay order, and the officer filed an amendment to his return, setting up the fact that the stay order had been received before he had completed the removal of the personal property.

Under such circumstances, can it be said that the writ of removal had been fully executed? In other words, does the mere reading of the writ to the defendant and putting him out in the road and delivering the key to the owner constitute due execution of a writ? Under some circumstances this might be sufficient, but, where the defendant has his personal property, household goods, and furniture and business equipment and merchandise in the building, does the law contemplate that the officer shall leave the owner and the tenant to thrash out the question of how and when the personal property of the tenant is to be removed, or does the law contemplate under such circumstances that a complete execution of the writ means the removal from the premises of not only the defendant and the members of his family, but also the personal belongings and property as well. We are inclined to the view that the great weight of authority is to the effect that a proper execution of the writ under such circumstances would require removal of the personal property or at least sufficient amount thereof to enable the plaintiff to move in and occupy the premises with property of his own, and that in this case, where the officer was commanded to levy upon certain of the personal property to make the amount of the costs, that constituted a part of the execution of said writ, and that this had not been completed at the time the appeal was taken, and the stay order obtained staying further proceedings pending the appeal to the Supreme Court in the forcible entry and detainer action.

The conduct of the defendant in breaking and entering the building was reprehensible in the extreme, and in the first instance the court was warranted in granting the writ of temporary injunction. On the other hand, the law permits an aggrieved party who has been unsuccessful in the trial court the benefit of an appeal. It appears that this appeal was perfected and a supersedeas bond filed and a stay order obtained within three days from the date of the order of removal, during that period of time while the key to the building had been turned over to the plaintiff, that the officers of the court had not completed their duties and the writ of removal had not been returned. There is no showing in the record that the defendant

is insolvent, and the trial court found that the giving of the supersedeas bond would protect the plaintiff if he is ultimately successful in this litigation. The trial court was clothed with some discretionary power in ruling upon the motion for the dissolution of the temporary writ of injunction. Iowa Cent. Ry. Co. v. Ry. Co., 142 Iowa 459, at page 473, 119 N. W. 261; La Plant v. Marshalltown, 134 Iowa 261, 264, 111 N. W. 816; Peoples Savings Bank v. McCarthy, 207 Iowa 162, 222 N. W. 372; City of Fort Dodge v. Fort Dodge Telephone Company, 172 Iowa 638, 154 N. W. 914.

We are unable to say that the court abused its legal discretion in dissolving the injunction. It therefore follows that the case must be and is affirmed, and the stay order heretofore granted by this court is annulled.—Affirmed.

RICHARDS, C. J., and DONEGAN, MITCHELL, STIGER, SAGER, ANDERSON, KINTZINGER, and PARSONS, JJ., concur .