## C. B. RICHARDS *et al.*, Appellees, v. A. D. WOLF *et al.*, Appellants.

**Highways:** PRIVATE CONVENIENCE : CONSTITUTIONAL LAW. The establishment of a public highway over the land of one person for the mere convenience of an adjoining owner is prohibited by implication by section 18, of article 1, of the constitution of this state.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

### TUESDAY, FEBRUARY 10, 1891.

THIS is a proceeding by *certiorari*, by which the plaintiffs seek to set aside an order of the board of supervisors of Webster county, establishing a road over lands of the plaintiffs. The district court held and adjudged, in effect, that the board had exceeded its jurisdiction, and set aside and annulled its proceedings and order. The defendants appeal.—*Affirmed.*

*Albert E. Clarke*, for appellants.

*Theodore Hawley*, for appellees.

ROTHROCK, J.—The issue presented by the parties is whether the road, if established, would be a private or public highway, or, in other words, whether the appropriation of the plaintiffs' land for the road in question is the taking of private property for public purposes. It must be conceded that, if the purpose is merely private, the action of the board of supervisors cannot be sustained. Section 18 of article 1 of the constitution authorizes the taking of private property for public use, and this constitutional limitation prohibits, by implication, the taking of private property for any private use whatever without the consent of the owner. *Bankhead v. Brown*, 25 Iowa, 540.

The facts as to the character of the road are, in substance, as follows:    A. McBane is the owner of the south half of the northwest quarter of a section of land lying on the west side of the Des Moines river. He also owns a fractional lot between said eighty acres and the river. The plaintiffs own the land adjoining McBane's land on the south, from the river to the west line of the section. There is a public, legally laid out and traveled highway on the west line of the section, running from the city of Fort Dodge to Humboldt, in Humboldt county. This road has been open and traveled for twenty years. It runs along the whole of the west line of McBane's land. The dwelling-house on his land is situated about a half a mile from this road. The land of the defendants is inclosed and used as a pasture, and there is a public road on the south line of their land. The board of supervisors, on the petition of McBane and others, made the order complained of, and thereby attempted to open up a road from the south line of the plaintiffs' land, and running on an angle to the south line of McBane's land, at a point near his dwelling-house. The line of the road runs nearly north through the plaintiffs' land for about forty rods, and then nearly in a northeast direction to its northern terminus.

This is on its face essentially a private road. It must have been laid out and established purely for the private convenience of McBane or his tenant on the land. It is agreed and conceded by the parties that the commission appointed by the board to examine and report upon the expediency of the road took into consideration the convenience of McBane and his tenant only in reporting that the road was necessary and expedient. The appellants rely upon the cases of *Johnson v. Clayton Co.*, 61 Iowa, 89, and *Pagels v. Oaks*, 64 Iowa, 198, but these cases are not in point. They merely determine that, where a party has no access from his land to a public road, the public may properly claim a right to have access to the public by a public road. But in the case at bar it appears that

there is now a public road running along the entire west line of McBane's land. The mere fact that it would be more convenient for him or his tenant to have a public road laid out and established across the plaintiff's land does not render the use public. He has the right to make a private way over his own land. Besides, the policy generally adopted in this state is to establish public roads on the lines of government subdivisions, where there are no obstacles in the way. But this last consideration would, doubtless, be within the discretion of the board, and not reviewable by *certiorari*. *Tiedt v. Carstensen*, 61 Iowa, 334.

In the case at bar it appears from the record and agreed facts that the board acted illegally, and exceeded its authority, and the judgment of the district court is AFFIRMED.