JOHN M. ROCKWELL, Appellee, v. E. M. BOWERS, STREET COMMISSIONER *et al.*, Appellants.

**Streets**: CONDEMNATION PROCEEDINGS: VALIDITY: INJUNCTION: REMEDY AT LAW: ESTOPPEL. The council of an incorporated town having by resolution ordered the extension of a street through the plaintiff's land, condemnation proceedings were duly instituted in the district court, the plaintiff being made a party defendant, the land condemned, and the money therefor paid into court. The council having ordered the street commissioner to proceed to open the street, the plaintiff brought this action in equity to enjoin him from so doing. *Held*, that, conceding that the council had no authority to order the opening of a street by resolution, the plaintiff's remedy was by *certiorari* to test the right of the council to so act, or he might have set up the invalidity of its action in the condemnation proceeding, and having failed to avail himself of the remedies provided by law, equity would not afford him relief.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, MAY 13, 1893.

ACTION in equity to restrain the opening of a street within the limits of the incorporated town of Rockwell. There was a hearing on the merits and a decree in favor of the plaintiff. The defendants appeal.—*Reversed.*

*Stevenson & Lavender*, for appellants.

*O. J. Jolley*, for appellee.

ROBINSON, C. J.—On the first day of October, 1890, the council of the incorporated town of Rockwell adopted a resolution, a copy of which is as follows: "Be it resolved by the town council of the incorporated town of Rockwell, Calhoun county, Iowa: That Custer street, as shown by the recorded plat of J. M. Rockwell's addition to the town of Rockwell, be

extended south to the north line of the southeast quarter of section 36, in township 88 north, of range 33 west of the fifth P. M., and there terminating, and that the width of said extended street be established at sixty feet, and the committee on streets and alleys be, and they are hereby, instructed, authorized, and empowered to take immediate action to condemn the same, and have the costs thereof assessed as by law provided, and to open the same for public use."

The plaintiff claims to own the land required for the proposed extension. Acting under the resolution, the committee on streets and alleys applied to the district court of Calhoun county for the condemnation of the land, and procured an order directing possession to be taken of it on the payment into court, or to the plaintiff, of the amount of damages awarded by reason of such taking. The damages so awarded have been paid to the clerk of the district court, and the council has ordered the defendants, the street commissioner and the committee on streets and alleys of the incorporated town of Rockwell, to open the extension provided for in the resolution.

The plaintiff claims that the council had no power to order the extension of a street by resolution; that it can make such an order only by ordinance duly passed as provided by law; that the resolution did not give to the district court jurisdiction to act; and that all the proceedings had in that court, including the order made, were void, and of no effect. He asks that the defendants be restrained from opening the extension ordered. A temporary injunction was issued in vacation, but was dissolved upon motion and answer. Thereafter the town of Rockwell took actual possession of the land included in the extension. The defendants insist that the council had authority to extend the street by resolution; that its right to do so was adjudicated in the condemnation proceedings; that, by reason

of such proceedings, the plaintiff is estopped to assert any claim to the premises in controversy; and that he has a plain, speedy, and adequate remedy in the ordinary course of the law. The district court adjudged that the plaintiff was entitled to the relief demanded, and directed the defendants to vacate the land appropriated for the extension. The allegation of title to the land in controversy, contained in the petition, is denied by the answer, and is not sustained by the stipulation as to facts; but, as the appellants base no claim upon failure of proof as to title, we will not further notice it.

Whether the council of an incorporated town has power to extend and open a street, and provide for the condemnation of land required for that purpose, by resolution, or whether an ordinance is necessary for that purpose, we do not find it necessary to determine. It is a well established rule of law that courts of equity will not afford a party aid, to protect his rights, when the remedy obtainable in the courts of law is plain, adequate, and speedy. 1 High on Injunction, section 28. When there is no appeal or other special means for obtaining relief from the acts of an incorporated city or town in laying out, opening, or extending streets, such acts may be reviewed and corrected by *certiorari*, and courts of equity will not interfere. 2 Dillon on Municipal Corporations, sections 476, 727, 740; 1 High on Injunction, sections 579, 592. Cities and incorporated towns have power to open, vacate, and extend and establish streets. Code, section 464. It was said in *Stubenrauch v. Neyenesch*, 54 Iowa, 567, that *certiorari* is a proper remedy to test the right of a city council to vacate a street, and, in effect, that a court of equity will not interfere to prevent such action, for the reason that the remedy by *certiorari* is full and complete. The rule of law, as thus announced, is applicable to this case. The plaintiff could have

tested the power of the town council to extend the street in question in the manner attempted, by *certiorari*, and would not have been entitled to an injunction to prevent the adoption of the resolution.

It is said, however, that, if the council had no power to open the street by resolution, its act in attempting to do so was void, and imposed no obligation upon the plaintiff to test it by direct proceedings, and that he retained the right to resist the opening of the street by an independent action. In answer to that claim it may be said that the appellant knew of the action of the council in due time, and could have protected his interests fully by *certiorari* proceedings. Moreover, he was made a party to, and was served with notice of, the condemnation proceedings in the district court. If those proceedings were not authorized by the action the council had taken, the fact could have been pleaded and shown in defense. It is true sections 476, 477, of the Code, under which such proceedings were had, do not, in terms, authorize an inquiry as to the validity of the proceedings, but they do provide for the ascertaining of the compensation to be paid by a mode of procedure as in an action at law, so far as applicable, for the settling of the rights of claimants of the property to be condemned, and for the delivery of the possession of the property. It necessarily follows that the rights of the parties to such a proceeding may be asserted therein by suitable pleadings, and settled by a trial and an order or judgment of the court. See *Keokuk & N. W. Railway Co. v. Donnell*, 77 Iowa, 221. If the town of Rockwell had not taken the steps necessary to the condemnation of the property, it was not entitled to an assessment of the damages which would be caused by taking it, nor to an order for its possession. The district court had jurisdiction of the parties, and of the subject-matter of the proceeding. If there was any defect in the acts of

the council, it does not appear that the court had any means of knowing that such was the case. The council had power to provide for the extension of the street, and the condemnation of the land required for it. Under these circumstances, if there was any defect in the proceedings of the council, it was the duty of the appellant to show it to the court, or to acquiesce in the action it should take. Having had ample opportunity to assert and protect his rights in the ordinary course of the law, a court of equity will not give him relief.

The decree of the district court is REVERSED.