WATERLOO WATER COMPANY, Appellant, v. H. B. HOXIE, Sheriff, *et al.*, Appellees.

**Equity**: JURISDICTION: INJUNCTION TO ENJOIN CONDEMNATION PROCEEDINGS. A court of equity will not entertain an action to enjoin proceedings to condemn land for railway purposes for the reason that the proceedings are unauthorized, because the land is already devoted to a public use, and it would be unlawful to condemn it, as such objection is available as a defense in the condemnation proceeding, and the party asserting it is thus afforded an adequate remedy at law. Whether an injunction will lie where the property holder would sustain an injury before the right to condemn could be determined in the condemnation proceeding, *quære.*

*Appeal from Black Hawk District Court.*—HON. D. J. LENEHAN, Judge.

SATURDAY, OCTOBER 14, 1893.

THE plaintiff is a corporation located and doing business in the city of Waterloo, Iowa, and was incorporated for the purpose of supplying said city with water for public and private purposes for a period of

twenty years, by virtue of a contract therewith. By
ordinance of the city the plaintiff is permitted, and by
its contract it is required, to provide and lay or place
all necessary pipes, conduits, mains, and other neces-
sary means to supply water for said city, and to supply
and operate the necessary machinery for that purpose.
To enable the plaintiff to thus perform its undertaking
with the city it is provided by ordinance that it shall
have the right to condemn and appropriate private
property for the construction and operation of its
works under the general laws of the state. In the per-
formance of its contract the plaintiff purchased lot ten,
in block six, in said city, and has located and con-
structed thereon its buildings, filters, pumps, engines,
boilers, and other machinery necessary to furnish the
city with water, has laid its mains in the city, and
done all other things required of it in the performance
of its contract. Of said lot ten there is a strip in the
rear sixty feet in length, and thirty feet in width, not
occupied by the buildings of the plaintiff. The unoc-
cupied part of said lot is adjacent to the depot grounds
of the defendant company, which company is about to
institute proceedings to condemn a part of said strip or
unoccupied land for the purpose of additional depot
grounds, and for that purpose application has been
made to the railway commissioners under the provi-
sions of the law, and their report has been made to the
effect that said land is necessary for additional depot
grounds. The defendant Hoxie is sheriff of the county,
and this proceeding is in equity to enjoin the defend-
ants from proceeding to summon a jury to assess the
damages under condemnation proceedings. A tem-
porary writ of injunction was allowed, which was
afterwards, on motion of the defendants, dissolved,
and from the order dissolving the injunction the plain-
tiff appeals.—*Affirmed.*

*Mullen & Pickett* and *Gardner & McFadon*, for appellant.

*W. J. Knight* and *F. C. Platt*, for appellees.

GRANGER, J.—The motion to dissolve the injunction was tried upon affidavits in support of questions of fact tending to show the entire situation of the lot and the depot grounds, and the necessity for the plaintiff company to use the strip in question, at present, in the performance of its contract with the public, and also the probability of such use being required by the future growth of the city. The appellees insist that equity will not entertain the suit to determine the merits of the case presented, because the plaintiff has other available remedies to which it should resort, and among them it is urged that the proceeding which it seeks to enjoin affords such a remedy.

The particular ground upon which the aid of a court of equity is invoked is that the proceedings to condemn the land are unauthorized, because the land is already devoted to a public use, and, as we understand, that it would be unlawful to proceed to condemn it, even if needed by the railway company. The proposition is one in dispute between the parties, and is to be settled by adjudication. Could it be properly determined in the condemnation proceeding? It seems to us that the question is quite definitely answered in *K. & N. W. R'y Co. v. Donnell*, 77 Iowa, 221. The appellant insists that the case is not in point. In that case Donnell instituted the condemnation proceedings to recover the value of land taken by the company, and the company invoked the aid of a court of equity to restrain him from maintaining the proceedings because unauthorized, and a reason claimed why the action was not authorized was that the company, and not Donnell, was the owner of the land. Of course, if the

party seeking damage did not own the land, and the company did, the proceeding to condemn would not lie. That case, then, presented the question, is there anything that can legally be condemned. Now, to this case. Here it is said this land has once been appropriated to a public use, and it can not be again. It seems to us, clearly, that the question also arises here, is there anything that can legally be condemned. There is certainly nothing in the particular facts from which liability from condemnation is claimed in the two cases that should make a difference as to the tribunal that should determine them. In the *Donnell case*, other objections besides that of title were urged against the right to maintain the condemnation proceedings, making it indeed a strong and quite comprehensive case upon the question of what may be adjudicated in such a proceeding. Speaking of the question of title, and the facts relied upon, it is there said: "These matters could have been pleaded and established as a defense to the *ad quod dammum* proceedings commenced by the defendant. They present simple questions of title to the right of way, the plaintiff claiming that it owns the right of way; the defendants insisting that they have never parted with that right. Issues involving these facts and defenses, if established in the plaintiff's favor, would defeat the *ad quod dammum* proceeding." The same principle applies to the facts of this case. In this, the plaintiff claims that the strip of land has already been so appropriated to a public use as to be unavailable to the defendant company; the company insisting that it has not. The facts can as well be pleaded in the *ad quod dammum* proceeding as in this. If established, the law applicable to the facts can be as well applied to defeat the proceeding as in this case. In that case the court, after a further discussion of the question says: "From these considerations it appears that the district court, sitting in equity, had no juris-

diction of the case.'' Because of its being a jurisdictional
question, it is further said that, without the objection
being made in the answer, the court will raise it. The
doctrine we assert has strong support in High on
Injunction, section 644. It is there said: ''Equity
will not restrain a railway company from proceeding
with an action, in a court of competent jurisdiction, to
condemn lands for the use of its road upon grounds of
objection, which are available and may be urged in the
court in which the condemnation proceedings are pend-
ing, it being sufficient grounds for refusing to interfere
by injunction in such a case that there is ample remedy
at law.'' The text cites for its support *Railway Co. v.
Patterson*, 37 Md. 125. In the same section it is fur-
ther said: ''Nor will a railway company be enjoined
from prosecuting proceedings by condemnation to
acquire title to real estate necessary for the purposes of
its incorporation, in the exercise of the right of eminent
domain, upon the ground of the unconstitutionality of
the statutes authorizing such a right, when that matter
can be passed upon and adjudicated in the condemna-
tion proceedings themselves, before any injury can
occur to the property holder.'' The latter words of the
quotation might support a claim made by the appellant
in argument, under a proper state of facts. It is urged
that if the assessment is made by the sheriff's jury, and
the amount thereof paid, the company can at once take
possession of the strip, and occupy it, to the injury of
the plaintiff, pending the litigation. Conceding that
such a fact, if pleaded and shown, would justify the
equity jurisdiction sought, which we do not decide, it
is sufficient to say that it is in no way pleaded or made
a basis of the action. From the record it does not
appear that there are even grounds to apprehend such
an injury. Our conclusion is that in the proceedings
sought to be enjoined ample remedy will be afforded to
protect the plaintiff against any unlawful appropriation

of the land, and that the injunction was properly dissolved. See, in support of the conclusion to a greater or less extent, *Central Iowa R'y Co. v. Moulton & A. R. Co.*, 57 Iowa, 249; *Stough v. Chic. & N. W. R'y Co.*, 71 Iowa, 641; *Kip v. Railroad*, 6 Hun, 24.

The order of the district court dissolving the injunction is AFFIRMED.