GEORGE LAPLANT, Apellant, v. THE CITY OF MARSHALL-
TOWN ET AL., Appellees.

**Judges:** DISQUALIFICATION : INTEREST IN SUIT.  A judge is not dis-
qualified from hearing and deciding a motion to dissolve an
injunction restraining a city from condemning land to protect
its water supply, because he is a taxpayer of the city and in-
directly interested in its supply of water.

**Condemnation:** INJUNCTION : DISSOLUTION.  Generally the action
of the trial court in dissolving a temporary injunction will not
be reversed on appeal, where the answer denies the allegations
of the petition which are essential to entitle the plaintiff to
relief; and this is especially true where it is sought to enjoin a
city from condemning land to protect its water supply solely on
the ground that the condemnation proceedings are a sham and
in the interest of private parties, and there is no showing of
damage nor that the matters relied upon can not be urged
in the condemnation proceeding.

*Appeal from Marshall District Court.*— HON. OBED CAS-
WELL, Judge.

FRIDAY, MAY 10, 1907.

THIS is an action to restrain defendant from proceed-
ing with an *ad quod damnum* action wherein defendant city
was seeking to condemn certain lands belonging to plaintiff
for the protection of its water supply.   A temporary writ of
injunction was issued as prayed.   Thereafter defendants
answered, and also filed a motion to dissolve the temporary
writ of injunction.   This motion was submitted to the court
and sustained, and plaintiff appeals.— *Affirmed.*

*Boardman & Lawrence,* for appellant.

*B. L. Burritt* and *C. H. Van Law,* for appellees.

Deemer, J.— Plaintiff is the owner of a tract of land through which runs the Iowa river which is a nonnavigable stream.   Upon this land and across the stream is a dam which has been maintained for many years and was originally used for running a grist mill.   The city of Marshalltown located its waterworks plant near this dam, and it purchased a lot from the then owner of the dam in order that it might avail itself of the water supply created thereby, and in pursuance thereof erected its pumping station, dug its filter galleries, and constructed other equipment for the purpose of supplying the city with water.   In February of the year 1905 plaintiff became the owner of this property by purchase for the purpose of destroying the dam, claiming that the water obstructed by it damaged lands owned by him and others further up the stream.   When plaintiff's purpose became known, defendant city brought an action to restrain him from destroying or removing the dam.   A similar action was brought by the Marshall Ice Company.   See *Marshall Ice Co. v. Laplant* (Iowa), 111 N. W. 1016.   In the month of October, 1905, the defendant city for the avowed purpose of preserving, continuing, protecting, and maintaining its source of water supply, instituted condemnation proceedings against plaintiff for the purpose of securing a right to maintain the dam and protect its source of water supply.   A sheriff's jury was selected, and notice had been given plaintiff fixing the time and place where it would meet to assess and fix the damages to which plaintiff was entitled.   Thereupon plaintiff commenced this action to restrain the city and sheriff's jury from acting further in the premises.   A temporary writ was issued without notice, and at the convening of the district court for its next term defendants answered and also filed a motion to dissolve the temporary writ of injunction.   Before the motion to dissolve was submitted plaintiff filed objections to the judge before whom it was pending, upon the ground that he was interested in the proceedings, and also a motion to postpone the hearing

for two weeks on account of his (plaintiff's) absence. Both objections and motion were overruled and exception taken. The motion to dissolve was then submitted and sustained, and upon application to one of the judges of this court a restraining order was issued in support of our appellate jurisdiction, which is still in force.

As grounds for the issuance of the temporary writ of injunction, plaintiff alleged that the condemnation proceedings were a sham and a pretense; that the dam was not necessary to the operation of the city waterworks system; that the condemnation proceedings were instituted by the water committee of the city council without authority from the city; that this committee was acting for and on behalf of certain private individuals, and that it was not seeking to condemn the land for public uses; that the use of the dam for water-power purposes had been abandoned; and that plaintiff for the protection of his lands further up the river had the right to destroy the dam. Defendant denied all allegations of the petition, save that it had instituted the condemnation proceedings for the purpose of maintaining a reservoir and source of water supply. Both petition and answer were duly verified.

Before going to the main point at issue, we shall dispose of the claim that the judge who dissolved the writ was disqualified. The judge was a citizen and a taxpayer of the city of Marshalltown, and it is claimed that on this account he was not qualified to act upon the motion. It is quite uniformly held that a judge is not disqualified because he may be a taxpayer of a public corporation which had a suit pending before him; nor is he disqualified because of being indirectly interested in the city's having a sufficient water supply. Of the many cases which might be cited upon these propositions we refer to the following: *Commonwealth v. Emery,* 11 Cush. (Mass.) 406; *Ex parte Guerrero,* 69 Cal. 88 (10 Pac. 261); *Justices v. Fennemore,* 1 N. J. Law, 293;

1. JUDGES: disqualification: interest in suit.

*Foreman v. Marianna,* 43 Ark. 324; *City v. Peacock,* 89 Tex. 58 (33 S. W. 220); *Los Angeles v. Pomeroy,* 133 Cal. 529 (65 Pac. 1049); *In re Ryers,* 72 N. Y. 1 (28 Am. Rep. 88). No point is made in argument upon the denial of the motion to postpone the hearing; hence, we give that matter no further consideration.

II.    Appellant's main contention is that the injunction should not have been dissolved for the reason, first, that the condemnation proceedings were a sham and a pretense, in

2. CONDEMNA-
TION: injunc-
tion: dissolu-
tion.

that they were instituted for the benefit of private persons, to wit, the Marshall Ice Company. This is squarely denied in the answer, which was made under oath, and it is distinctly stated that they were commenced to sustain and maintain the city's source of water supply. It is doubtless true that, if there be a fraudulent pretense that land is to be condemned for a lawful purpose when it is not, an injunction will lie to restrain the proceedings. *Forbes v. Delashmutt,* 68 Iowa, 165. That case was determined upon a demurrer which admitted the facts pleaded. This clearly distinguishes it from the instant one where the allegations of fraud are squarely denied. It is a general rule that, where the answer denies the averments of the petition which are essential to entitle plaintiff to an injunction, the action of a trial court in dissolving a temporary writ of injunction will not be reversed on appeal. *Clark v. Am. Coal Co.,* 86 Iowa, 451. The matter of continuing or dissolving a temporary writ of injunction when there has been an answer filed denying the allegations of the petition rests largely in the discretion of the trial court. *Walker v. Stone,* 70 Iowa, 103; *Schricker v. Field,* 9 Iowa, 366; *Clark v. Am. Coal Co., supra;* *B., C. R. & N. R. R. v. Dey,* 82 Iowa, 312. Generally speaking, a petition will not lie to enjoin proceedings for condemnation for the reason that the mere taking of such proceedings does no injury to property, and for the further reason that the grounds relied upon for an injunction may

be urged in defense to the proceedings. Lewis on Em. Domain, section 646; *Doughty v. Somerville,* 7 N. J. Eq. 51; *Williams v. Elting Co.,* 33 Conn. 353; *Dunham v. Hyde Park,* 75 Ill. 371. See, also, *Waterloo Co. v. Hoxie,* 89 Iowa, 317, and *C., B. & Q. R. R. v. Ft. M. & D. M. R. R.,* 91 Iowa, 16, which are more or less in point.

It will be observed that there is no claim that the city had no power to condemn for the purpose of protecting or maintaining its water supply. The contention is that it was not instituting the proceedings for that purpose, and, as that allegation is denied, the case was addressed peculiarly to the sound discretion of the trial court. There had been no entry upon plaintiff's land, and no damages had yet been done his property, and there was no showing as to why he could not present all matters now relied upon by him to the sheriff's jury or to the district court on appeal. He has not yet been injured, nor is there any threat of trespass upon his property. *Bennett v. City of Marion,* 106 Iowa, 628, throws some light upon the proposition here involved, and is an authority for the views already announced. See, also, *Phillips v. Watson,* 63 Iowa, 28; *Waterloo Co. v. Hoxie,* 89 Iowa, 317; *Rockwell v. Bowers,* 88 Iowa, 88. As appellant relies chiefly upon the *Forbes* case, *supra,* we may further say of that case that not only were the facts alleged in the petition admitted by the demurrer, but it was also alleged that defendant railroad company was about to enter upon and occupy the land, and the injunction was sought not to restrain the condemnation proceedings, but to prevent the railway corporation from trespassing upon the property. These facts clearly distinguish that case from the present one. Even were it charged that defendant city had no power to condemn land for the objects proposed by it, that question could be settled in the condemnation proceedings. See cases hitherto cited. This being true, an action in equity will not lie to restrain those proceedings. But the law certainly authorizes the city to condemn lands to pro-

tect, maintain, and continue its water supply. See section 722 of the Code of 1897. Whether or not it may under such proceedings maintain a dam or might have done so when the action was commenced we have no occasion now to determine. That question may be settled in proper proceedings when such work is assumed or undertaken pursuant to the condemnation of the land.

It is further contended that matters should be kept in *statu quo* until plaintiff's case may be heard upon its merits. In so far as this record shows, they will be so kept. It seems that various injunctions have been sued out with reference to the maintenance of the dam, and defendants herein are now seeking to condemn the property for the purpose of maintaining its source of water supply. In so far as shown, it has no purpose to do more than condemn the property in its present condition. Should it attempt to do more than it will be authorized to do after condemning and paying for the land, plaintiff may then have his remedy, but until that time comes he has not been injured, nor will the dam be changed until defendant city secures some right or threatens to make some changes in the dam. No reason is suggested why the *status quo* will not be preserved, even though the city proceeds with its condemnation proceedings.

The trial court did not abuse its discretion in dissolving the temporary writ, and the restraining order heretofore issued out of this court is hereby set aside and dissolved.

The order of the trial court must, and it is, *affirmed.*