ALICE M. HEINZ et al., Appellants, v. CITY OF DAVENPORT, Appellee.

No. 45570.

MARCH 11, 1941.

Waldo M. Wissler, for appellants.

Edward A. Doerr, for appellee.

MILLER, J.—Plaintiffs' petition asserts that plaintiffs own certain real estate in Davenport, Iowa, which the defendant City is undertaking to condemn for the establishment of an alley for a public use and purpose; that said undertaking violates section 18, Article I of the Constitution of Iowa in that it is in truth and in fact the taking of plaintiffs' property for a private use rather than for a public use, constitutes a legal fraud, is done in bad faith not for the public good but merely to aid and assist a private corporation with the powers belonging to defendant City. Plaintiff prayed for an injunction.

The answer asserts that the property was condemned for the establishment of an alleyway for a public use and purpose, denies that it was illegal, violative of the constitution, in bad faith to aid a private corporation, and asserts that the same was legal exercise of discretionary powers vested in the City. Defendant prayed that the action be dismissed.

The cause was tried upon an agreed statement of facts. The court dismissed the action at plaintiffs' costs. Plaintiffs appeal.

The following facts were stipulated: For many years the Davenport Turn-Gemeinde, commonly known as the Turner So-

ciety, a social and fraternal organization with a large membership in the City of Davenport, has owned a plot of real estate at the southwest corner of Third and Scott Streets with a frontage of 150 feet on Third Street and 140 feet on Scott Street. There is a north and south paved alley 20 feet wide along the west side of said property but no east and west alley in the block. The Turner property is almost entirely covered by a large brick building, which was built about 1897, consisting of at least two principal units, the southern wall of said building being on the southern boundary line of the Turner property, except for a courtyard in the center of the southern part of the building. The west portion of the building is a theater, the other portion a club room. There are three doorways opening upon the alley to the west, five opening upon Third Street, two upon Scott Street and two upon the courtyard in the rear. There is an outside stairway leading to the second floor from the alley, a fire escape on the west wall and another on the east wall.

The Heinz Estate (plaintiffs herein) has owned a tract of land immediately south of the Turner property with a frontage of 100 feet on Scott Street extending west to the paved alley. This tract has a three-story brick building upon it, 40 feet south of the Turner building, with a frontage of 40 feet on Scott Street and extending 80 feet to the west. In the northwest corner of the Heinz tract, adjacent to the Turner building, is a partially demolished barn or garage, with a brick wall and wood and tar paper roof.

The courtyard in the Turner building is blocked by a high woven-wire fence erected on the division line between the two properties. The Heinz lot has been used by tenants to display used cars, but is not so used at the present time. The Heinz building is used for store and housing purposes. Both Third Street and Scott Street are 80 feet wide and paved. At present, garbage and refuse from the Turner club rooms are placed on the sidewalk on Scott Street for collection by the City, but might be collected from the courtyard if public access thereto is obtained.

The situation is illustrated by the following plat:

THIRD STREET

BLOCK 10

ALLEY

SCOTT STREET

Lot 5
Davenport Turn-gemeinde Building

Lot 6

Courtyard fence

Heinz Barn

Wall

Heinz Lot

Lot 7

Heinz Building

fence

On or about June 1, 1940, the manager of the Turner Society requested the Heinz Estate to sell the Turners a strip of ground across the north end of the Heinz property for an alley and later real-estate brokers made a similar request. These requests were refused and the Turners then filed a petition with the clerk of defendant City petitioning the City for an alley immediately south of the Turner property running from east to west to serve properties in the block.

Following the filing of said petition, the attorney for the Heinz Estate discussed the matter with the street committee, the

city attorney and two or three individual members of the council. In all of such discussions it was assumed by all parties that the Turner Society was the only petitioner for said alley, no other petitioner was ever mentioned or referred to.

Thereafter, the City correctly proceeded to give the notice required and to follow the procedure required to condemn a 16-foot strip of the Heinz tract immediately south of the Turner building and appropriated $1,850, which the commissioners had allowed as the value of said property. The commissioners found that the only property which would be benefited by the alley was the Turner property and assessed $1,600 of the cost against the Turner lot.

Appellants concede that the condemnation proceedings were sufficient to meet all requirements. The sole issue is whether the land was condemned for a private use in excess of the police powers conferred upon the City amounting to a constructive fraud upon appellants so that the stipulated facts would be sufficient to entitle appellants to the injunction which they seek.

Certain general rules of law are not disputed by the parties. Cities have the power to open and maintain streets and alleys. Sections 5938 and 6770 of the Code, 1939. Defendant, as a special charter City, has the right of eminent domain to condemn private property for opening an alley. Paragraph 2, section 6740 of the Code. In exercising such right of eminent domain, the City can condemn private property only for a public purpose. Section 18, Article I, Constitution of Iowa; Bankhead v. Brown, 25 Iowa 540; Richards v. Wolf, 82 Iowa 358, 47 N. W. 1044, 31 Am. St. Rep. 501; Creston Waterworks Co. v. McGrath, 89 Iowa 502, 56 N. W. 680; Ferguson v. Ill. Cent. Ry. Co., 202 Iowa 508, 210 N. W. 604, 54 A. L. R. 1.

It must be borne in mind, however, that this is an independent action in equity for an injunction and is not an appeal from the condemnation proceedings. The question here is whether the evidence was sufficient to establish such total lack of public use of the proposed alley that a court of equity might find the project to be in violation of section 18, Article I of the Constitution of Iowa, in an independent action to enjoin the condemnation proceedings. We think that the evidence is insufficient to support such a collateral attack on said proceedings and that the case is

controlled by Davis v. D. M. & Ft. D. Ry., 155 Iowa 51, 61, 135 N. W. 356, 360, wherein we state:

"This is an independent action in equity to enjoin the use of the tracks, and the attack upon the condemnation proceedings is collateral, in the sense that no appeal was taken therefrom to the district court, as the plaintiffs might have done under the provisions of our statute with reference to ad quod damnum proceedings. If the questions now raised might have been presented upon such an appeal, then, of course, an action in equity will not lie; for plaintiffs had a plain, speedy, and adequate remedy at law. There is no claim that the condemnation proceedings were fraudulent, or that any facts were fraudulently withheld from the plaintiffs until after the time for an appeal had expired. They simply say that the use for which the land was condemned was a private one, and that if the statutes authorize condemnation for any such use they are unconstitutional. This latter is not their exact claim; it is that, as applied to the facts hereinbefore recited, the proceedings were and are unconstitutional. Of course, proceedings can not be unconstitutional in this broad sense. The condemnation was not under statutes authorizing condemnation for private purposes, but public ones. This condemnation was in the name of a railway company, which was authorized to condemn for public purposes, and whether or not it was in fact seeking to condemn for a public, rather than a private, purpose was a question of fact, pure and simple, which might have been raised and decided in the district court upon appeal. Whatever the intimations in previous cases, the right to test such a question by a suit in equity is foreclosed in this jurisdiction by LaPlant v. City of Marshalltown, 134 Iowa, 261; Waterloo Co. v. Hoxie, 89 Iowa, 317; Keokuk R. R. v. Donnell, 77 Iowa, 221, and other like cases. Intimations to the contrary in Forbes v. Delashmutt, 68 Iowa, 164, are disposed of in the cases hitherto cited. The holding in these cases is that an action in equity will not lie; and this is the rule which generally obtains. See High on Injunctions (3d Ed.) section 644, and cases cited; Lewis on Eminent Domain (1st Ed.) section 646. We reach the satisfactory conclusion that plaintiffs are not entitled to question the condemnation proceedings in this action."

In Town of Alvord v. Great Northern Ry. Co., 179 Iowa 465, 468, 161 N. W. 467, 468, where an appeal was perfected from condemnation proceedings, we state:

"Appellant first argues that the railway company may not question in this proceeding the power or authority to condemn. This court has held otherwise in numerous decisions, and among these, as directly in point, may be mentioned Waterloo Water Co. v. Hoxie, 89 Iowa 317, and Davis v. Des Moines & Ft. D. R. Co., 155 Iowa 51. The city or town council alone determines the necessity for a street or alley, but the authority of the council in behalf of the city or town to condemn is another matter. It may be challenged on appeal in the district court. See above decisions and others cited therein."

The propositions, which appellants assert, might be raised by appeal from the condemnation proceedings, but they cannot be determined in an independent action for injunction, such as this.

The decree is affirmed.—Affirmed.

HALE, C. J., and SAGER, OLIVER, STIGER, WENNERSTRUM, and GARFIELD, JJ., concur.