Vance BOURJAILY and Bettina Bourjaily, Appellants,

v.

JOHNSON COUNTY, Iowa, a duly author-ized, organized and existing county corporation, Appellee.

No. 53348.

Supreme Court of Iowa.

May 6, 1969.

Oehler, Barker, Radig & Hoy, Iowa City, for appellants.

Robert W. Jansen, County Atty., and J. W. Dooley, Asst. County Atty., for appellee.

MOORE, Justice.

Plaintiffs, Vance and Bettina Bourjaily, husband and wife, with our permission have appealed from the trial court's order sustaining defendant's motion to strike all of division I of their petition.

Plaintiffs' petition alleges they are the contract vendees of two separate parcels of land in Johnson County, one of which is also encumbered by a mortgage held by Farmers Savings Bank of Kalona. In its brief and in oral argument defendant admits these facts.

On April 9, 1968 defendant served on the sheriff its application for condemnation of a portion of each of these parcels. Therein plaintiffs were listed as the record owners of the described property and it was stated: "There are no liens or encumbrances of any kind shown of record." The same day plaintiffs only were served with a notice of assessment for condemnation and a commission of appraisers was appointed to view the premises and fix damages. April 26 the duly sworn commissioners visited the land and subsequently awarded damages to plaintiffs of $1133.75.

May 24 plaintiffs filed their notice of appeal from the report of the condemnation proceedings and also filed their petition which was set out in two divisions. Division I alleged the names of the contract vendors of each tract of land involved and the book and page number where each real estate contract was recorded in the office of the Johnson County Recorder. It also alleged the Farmers Savings Bank of Kalona, Iowa, held a mortgage on one tract and set out the book and page number where it was recorded. It also alleged: "Certain of the property sought to be condemned by the defendant is not owned by or in possession of plaintiffs * * *." Finally it alleged the proceedings were void for failure to comply with the necessary requirements for condemnation proceedings and prayed for a decree voiding the same. Division II alleged insufficiency of damages and sought an amount of $10,000.

July 12 defendant filed its motion to strike all of division I on the grounds (1) plaintiffs had no standing to raise the issue of noncompliance with the statutory requirements and (2) that such noncompliance, if found, is not a matter of jurisdiction and not fatal to the condemnation action.

September 4 the trial court made a calendar entry sustaining defendant's motion. The court, other than generally sustaining the motion gave no reasons or grounds for its ruling.

Thereafter two members of this court granted plaintiffs permission to bring this appeal challenging the correctness of the trial court's ruling on the motion. All further condemnation proceedings affecting plaintiffs' land have been stayed pending the outcome of this appeal.

I. The initial questions sought to be resolved are whether the trial court committed reversible error in failing to rule on defendant's motion in accordance with rule 118, Rules of Civil Procedure, and in striking division I of the petition. Underlying these preliminary questions is the ultimate issue of whether the condemnation proceedings instituted against plaintiffs are void because the county failed to name and serve the record lienholders of the property sought to be condemned as required by sections 472.3 and 472.9, Code, 1966.

Rule 118, R.C.P., provides: "Specific rulings required. A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

The trial court sustained defendant's motion to strike division I of plaintiffs' petition without specifying the reasons for its ruling. Consequently we, and the parties, are unaware of the ground or grounds upon which the motion was sustained. Rule 118 was drawn to avert the needless and time consuming process of arguing and examining each and every ground of the motion, even those which the trial court considered to be devoid of merit. See 1 Cook, Iowa Rules of Civil Procedure, Revised Edition, page 752.

We have as yet refrained from predicating reversible error solely on the basis of the trial court's disregard of rule 118, at least in the absence of some compelling cause to hold otherwise. Nevertheless, we have repeatedly stated we much prefer specific rulings on each and every ground of a motion. DeWaay v. Muhr, Iowa, 160 N.W.2d 454, 456; Jones v. Iowa State Highway Commission, Iowa, 157 N.W.2d 86, 92; Tice v. Wilmington Chemical Corp., 259 Iowa 27, 33, 141 N.W.2d 616, 620, 143 N.W.2d 86; Gorman v. Adams, 259 Iowa 75, 79, 143 N.W.2d 648, 650; Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 666, 667, 26 N.W.2d 429, 439.

■ Meaningful compliance with rule 118 greatly facilitates appellate procedure in that counsel are apprised of the precise grounds of the adverse ruling and are thereby enabled to properly and narrowly limit their arguments on appeal to the actual grounds responsible for the court's ruling. The ever increasing volume of appeals renders it imperative the rule be followed.

■ II. Plaintiffs argue defendant chose the wrong procedural device in attacking division I of the petition with a motion to strike. They assert that although such motion is the proper method to attack improper and unnecessary material in the pleadings it is unavailable for purposes of challenging an entire division of a petition. See rule 113, R.C.P. This argument has merit, however, the record convinces us the trial court actually treated the motion as one to dismiss. We will therefore treat the court's order as one sustaining a motion to dismiss which is a proper method of attacking an entire division of a petition. See rule 104(b), R.C.P. The trial court erred in sustaining the motion.

III. As material here Code section 472.-3 provides: "Application for condemna-

tion. Such proceedings shall be instituted by a written application filed with the sheriff of the county in which the land sought to be condemned is located. Said application shall set forth: * * *

"3. The names of all record owners of the different tracts of land sought to be condemned, or otherwise affected by such proceedings, and of all record holders of liens and encumbrances on such lands; also the place of residence of all such persons so far as known to the applicant. * * *."

As material here section 472.9 provides: "Form of notice. Said notice shall be in substantially the following form, with such changes therein as will render it applicable to the party giving and receiving the notice, and to the particular case pending, to wit:

" 'To ....... (here name each person whose land is to be taken or affected and each record lienholder or encumbrancer thereof) and all other persons, companies, or corporations having any interest in or owning any of the following described real estate: * * *.' "

As noted supra the two parcels of real estate affected by these proceedings were being purchased on contract by plaintiffs and one parcel was further encumbered by a bank mortgage. Defendant concedes no attempt was made to name or serve notice of the impending condemnation proceedings on either the contract vendors or the mortgagee, but contends such oversight is not fatal to the proceedings. We cannot agree.

 We are firmly committed to the rule that statutes delegating the powers of eminent domain are strictly construed and restricted to their expression and intention. Iowa State Highway Comm. v. Hipp, 259 Iowa 1082, 1088, 147 N.W.2d 195, 198; Aplin v. Clinton County, 256 Iowa 1059, 1061, 129 N.W.2d 726, 727, and citations.

In 1 Nichols on Eminent Domain, section 3.213(3), pages 359–362, the author states: "Strict construction as to exercise of the power. In acting pursuant to a conceded power of eminent domain, the grantee's procedure is strictly construed in the light of the authorizing statute. As private property can be taken for public uses against the consent of the owner only in such cases and by such proceedings as may be specially provided by law, and as these proceedings are not according to the common law and are in derogation of private right, and as they wholly depend on statutory regulation, the use of this extraordinary power must comply with all provisions of the statute. This does not necessarily mean that literal observance of the statutory regulations is required. Substantial conformity to the requirements of the statute is sufficient.

"The legislature has the undoubted power to determine how the grantee shall exercise the delegated power. In order to exercise such power properly the grantee must conform to such provisions and for the purpose of determining whether or not such conformity exists its action is subject to judicial review."

In 27 Am.Jur.2d, Eminent Domain, section 375, page 240, 241, we find this: "Thus, where the right of eminent domain is invoked, the provisions of the law granting the right must be complied with. In some instances the statute or franchise authorizing the construction of the work prescribes a special procedure to facilitate acquiring property by condemnation; where such is not the case, condemnors are bound, of course, to proceed according to the provisions of the general laws. In any case, the extent to which the power of eminent domain may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained. Where, therefore, the state, a municipality, or other agent in charge of a public use, seeks to acquire, against the consent of the owner, private property for public use, the provisions of the authorizing law must be strictly complied with, and this must appear on the face of the proceedings for

taking the land. In other words, the statutory procedure must be followed." For like statements see 29A C.J.S. Eminent Domain, § 22.

■ This condemnation proceeding was admittedly instituted under Code chapters 471 and 472 which grant the power of eminent domain to specified bodies and clearly delineate the requisite conditions necessary to validate taking of private property for public use. Section 472.3 specifically requires the application for condemnation to set forth the names of record lienholders of the land sought to be condemned. The language of this section is mandatory.

■ It is clear the contract vendors and the mortgagee have interests in the property which will be directly and materially affected by the condemnation of the land in question. Affirmance and finalization of these proceedings wherein only plaintiffs have been named and served pursuant to sections 472.3 and 472.9 would undoubtedly result in future litigation to determine the rights of the contract vendors and the mortgagee. To avoid a multiplicity of actions and to expedite the most rapid acquisition possible by a condemnor of unclouded title to real property our legislature has wisely provided all land owners and lienholders of record be named both in the application for condemnation and in the notice of assessment. Code sections 472.3 and 472.9.

In Miller v. Palo Alto Board of Supervisors, 248 Iowa 1132, 84 N.W.2d 38, we invalidated an award of damages rendered by the appointed commissioners on the grounds the evidence was insufficient to prove the requisite statutory oath was properly administered to the commissioners. In Gilbride v. City of Algona, 237 Iowa 20, 20 N.W.2d 905, we indicated improper service of the notice of assessment on an interested party would render the proceedings void. And in Abney v. Clark, 87 Iowa 727, 55 N.W. 6, we voided condemnation proceedings wherein there had been a want of compliance with the statute requiring notice to the property owners of time of appointment of commissioners.

In Birge v. Chicago, Milwaukee & St. Paul R'y Co., 65 Iowa 440, 21 N.W. 767, we held a condemnation proceeding was not binding on a person not expressly named and served with notice. A prior title holder had been named and served but by oversight the condemnor failed to discover and serve the title holder at the time the condemnation was commenced. At page 442, 65 Iowa, page 768, 21 N.W., we say: "Kate Perry, it appears, was formerly the owner. Just prior to the commencement of the proceedings she sold and conveyed to one Conable, who afterwards conveyed to the plaintiff. The defendant, failing to discover the conveyance of Kate Perry, proceeded as if she still remained the owner. Whether it would be competent for the legislature to provide for the taking of land for a public improvement without notice to the owner, we need not determine. Our legislature has not so provided. It has, on the other hand, expressly prescribed a notice. Having done so, we must hold that a notice is necessary."

We have required strict adherence to the statutory procedure set out in chapter 472 necessary to perfect an appeal to the district court. We have consistently held failure to comply with the statutory requirements deprives the district court of jurisdiction to entertain the appeal. Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, 337, and citations; Harrington v. City of Keokuk, 258 Iowa 1043, 1046, 1047, 141 N.W.2d 633, 636, and citations.

■ Failure to name and serve the contract vendors and mortgagee, as required by sections 472.3, 472.9, and as admitted by defendant, constituted substantive error and necessarily renders the proceedings and the sheriff's jury damage award a nullity in so far as they affect plaintiffs' property.

IV. Another proposition relied on for affirmance by defendant is that plaintiffs

had no standing to raise the issue of its failure to name and serve the record lien-holders.

■ Section 472.18 provides in part "any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court * * *." Plaintiffs are "interested" parties within the intended meaning of this section. They were faced with a proceeding and an award made on the theory they were the only record holders and interested parties when they knew this was not correct. It is difficult to understand how they could pursue the relief sought in division II of their petition without first raising the questions involved with their limited interest in the property. Plaintiffs could not reasonably be expected to adopt the false premise they were the sole record holders and proceed accordingly. We hold plaintiffs had standing to raise the issues pleaded in division I.

V. We are cognizant of some earlier cases which state the only appealable issue in cases of this kind is the measure of damages. Aplin v. Clinton County, 256 Iowa 1059, 1063, 129 N.W.2d 726, 728; Stellingwerf v. Lenihan, 249 Iowa 179, 183, 85 N.W.2d 912, 915. Such a rule has not been applied by us with inflexible force.

In Stough v. Chicago & Northwestern R'y Co., 71 Iowa 641, 643, 33 N.W. 149, 150, an appeal to district court from an award of a sheriff's jury in a condemnation proceeding, we say: "It is further claimed that, if the proceeding was irregular and illegal because the owners of the abutting lots had no power to institute the condemnation proceedings, advantage could not be taken thereof by an appeal. It is said the remedy, if any, was by certiorari. It is a general rule that objections to the jurisdiction of the court over the subject-matter of the action are never waived. They are not waived by an appearance of the defendant, nor by an appeal from a tribunal having no jurisdiction to hear and determine the question presented. The sheriff's jury in this case had no power to act; it was without jurisdiction; and this question, we think, could properly be raised and determined upon an appeal."

■ We hold under the facts here the issues pleaded in division I of plaintiffs' petition were proper to be raised and determined upon the appeal to district court.

For cases wherein we have permitted non-damage issues to be raised on appeal in cases of this kind see Hutchinson v. Maiwurm, Iowa, 162 N.W.2d 408; Connolly v. Des Moines & Cent. Iowa Ry. Co., 246 Iowa 874, 68 N.W.2d 320; Reter v. Davenport, R.I. & N. W. Ry. Co., 243 Iowa 1112, 54 N.W.2d 863, 35 A.L.R.2d 1306; Heinz v. Davenport, 230 Iowa 7, 296 N.W. 783; Minear v. Plowman, 197 Iowa 1188, 197 N.W. 67; Davis v. Des Moines & Ft. D. Railway, 155 Iowa 51, 135 N.W. 356; Bennett v. City of Marion, 106 Iowa 628, 76 N.W. 844; Rockwell v. Bowers, 88 Iowa 88, 55 N.W. 1.

The trial court erred in striking division I of plaintiffs' petition. In view of defendant's admissions and its expressed request this matter be adjudicated without delay, we hold the condemnation proceeding as instituted without compliance with sections 472.3 and 472.9 is a nullity. Our holding is without prejudice to any right defendant has to institute condemnation proceedings by compliance with statutory provisions.

Reversed and remanded for decree and judgment consistent with our holding herein.

All Justices concur.