687 N.W.2d 103 (2004)
In the Matter of the CONDEMNATION OF LAND FOR THE VALLEY VIEW PARK AQUATIC/ROADWAY Project No. 450.390.25.830, Located Generally at 81st Street and Bridgewood Boulevard by the City of West Des Moines, Iowa.
City of West Des Moines, Iowa, Appellee,
v.
Margaret Susan (Mason) Smith, Trustee of the Carroll C. Smith Marital Trust Established Under Paragraph 6 of the Carroll C. Smith Revocable Trust U/A dated November 23, 1994, Margaret Susan (Mason) Smith, Trustee of the Margaret Susan Mason Smith Revocable Trust U/A/ Dated November 23, 1994, and Margaret Susan (Mason) Smith, as Trustee of the Carroll C. Smith Family Trust Established Under Paragraph 6 of the Carroll C. Smith Marital Trust U/A Dated November 23, 1994, Appellants.
No. 03-1286.
Supreme Court of Iowa.
September 15, 2004.
Mark McCormick of Belin Lamson McCormick Zumbach Flynn, A P.C., Des Moines, and Frank Murray Smith of Frank M. Smith Law Office, Des Moines, for appellants.
Richard J. Scieszinski and Michael L. Bennett, West Des Moines, for appellee.
CARTER, Justice.
Margaret Susan Smith, the trustee of three separate trusts, appeals on behalf of all three trusts from an order apportioning the award of the compensation commission in an eminent-domain proceeding. That proceeding involved the taking of lands owned in common by the three trusts. The appellee is the condemner, City of West Des Moines (the city).
Only one of the three trusts was named in the application for condemnation and the notice of public meeting given by the compensation commission. After the commission had rendered its award, the district court concluded that, under Iowa Code section 6B.57 (2003) and the "equitable jurisdiction" conferred on the chief judge by chapter 6B of the Code, the chief judge has authority to apportion the condemnation award among the three trusts in fulfillment of the intent of the condemnation commission. Each of the three trusts appeals from that order. After reviewing the record and considering the *104 arguments presented, we reverse the judgment of the district court and remand the matter to that court for further proceedings.
The three trusts involved in this litigation are described as the Margaret Susan (Mason) Smith Revocable Trust, the Carroll C. Smith Marital Trust, and the Carroll C. Smith Family Trust. These trusts own in common eighty acres of agricultural land. The ownership interest of the revocable trust is 30% thereof, the marital trust 24.6078%, and the family trust 45.3922%.
On February 25, 2003, the city filed an application for condemnation of 5.5 acres of the trusts' eighty-acre tract. That application named only Margaret Susan (Mason) Smith, as trustee of the Carroll C. Smith Marital Trust, as a property owner. The notice of public meeting of the compensation commission to assess damages identified the property owner in the same manner. Notice of that meeting was served on Margaret Susan (Mason) Smith, as trustee of the Carroll C. Smith Marital Trust. In listing the interests that were being taken, the notice referred to: "Margaret Susan (Mason) Smith, as trustee of the Carroll C. Smith marital trust." It also named "possible farm lease, tenant unknown, parties in possession, Dallas County, Iowa taxing authority, and all other persons, companies or corporations having any interest in or owning any of the following-described real estate."
The commission valued the property at $201,000. On the day of the award, the sheriff sent notice of appraisement of damages and time for appeal addressed only to the trustee of the marital trust. Six days later, the city issued a check for $201,000, payable to "Margaret Susan (Mason) Smith, as trustee of the Carroll C. Smith Marital & Family Trust." This was the first time in the proceeding that the family trust was mentioned, and no mention was made of the revocable trust, which owned a thirty-percent interest in the property.
The trustee refused to accept the check in the form in which it was made payable and requested a new check payable to the trustee of the marital trust only. This action prompted the city to file a request to the chief judge of the district, asking for an apportionment of the commission's award among the three trusts. In that request, as subsequently amended, the city asserted that payment of the entire award to the marital trust would result in unjust enrichment. It further urged that the court had authority to apportion the award among the three trusts pursuant to the provisions of Iowa Code section 6B.57.
The district court, after hearing evidence, concluded that the trusts would not be prejudiced by apportioning the award. It concluded that "under the unusual circumstances of this case" Iowa Code section 6B.57 and the equitable jurisdiction of the chief judge in condemnation proceedings allows an apportionment of the award according to the respective interests of the three trusts.
In apportioning the commission's award among the three trusts, the chief judge relied in part on Iowa Code section 6B.57. That statute provides:
If an acquiring agency makes a good faith effort to serve, send, or provide the notices or documents required under this chapter to the owner and any contract purchaser of private property that is or may be the subject of condemnation, but fails to provide the notice or documents to the owner and any contract purchaser, such failure shall not constitute grounds for invalidation of the condemnation proceeding if the chief judge of the judicial district determines that such failure can be corrected by delaying the condemnation proceedings *105 to allow compliance with the requirement or such failure does not unreasonably prejudice the owner or any contract purchaser.
The city contends that apportionment was properly ordered under this statute because it had made a good-faith effort to serve the entities that owned the property sought to be condemned but, despite that effort, failed to provide notice to some of those entities.
The trusts argue that the city's reliance on section 6B.57 is unfounded. They note the only means the statute provides to correct an omission of a property owner is an authorization to delay the proceedings in order to allow compliance with the statutory requirements. It does not, they urge, deal with the rights of omitted parties after the commission has made its award.[1]
We are convinced that the trusts argument concerning the inapplicability of section 6B.57 is sound. That statute simply does not apply to the situation that the parties faced. However, the chief judge did not rest his decision entirely on section 6B.57. He also expressed the view that he had equitable jurisdiction and authority to apportion the condemnation award as part of the chief judges responsibilities under Iowa Code chapter 6B. The trusts urge that no such authority exists.
We express no opinion as to the extent of a chief judges authority to settle the rights of property owners who have been made parties to the condemnation proceeding when other owners have been omitted. We deem it clear, however, that the court was not empowered to use the commissions award as a baseline from which to determine the rights of omitted parties by a process of interpolation.
Statutes conferring a right of eminent domain are to be strictly construed. Bourjaily v. Johnson County, 167 N.W.2d 630, 634 (Iowa 1969); Gilbride v. City of Algona, 237 Iowa 20, 27, 20 N.W.2d 905, 908 (1945); 11 Eugene McQuillin, Municipal Corporations 32.19 (2000) [hereafter cited as McQuillin]. An application to condemn land is required to set forth:
The names of all record owners of the different tracts of land sought to be condemned, or otherwise affected by such proceedings, and of all record holders of liens and encumbrances on such lands; also the place of residence of all such persons so far as known to the applicant.
Iowa Code 6B.3.
Although the city views the issue as being whether the individual who serves as trustee of the family trust and revocable trust received notice of the condemnation proceeding, we are convinced that notice of the proceeding only brings before the tribunal those persons named as property owners in the application. The rights of parties with an interest in the condemned property who have not been named in the application as required by statute are unaffected by the proceedings taken. Bourjaily, 167 N.W.2d at 634; Forst v. Sioux City, 209 N.W.2d 5, 7-8 (Iowa 1973); 11A McQuillin 32.122, at 228. They may act to compel condemnation of their interest by mandamus, or conversely, when they assert their continued rights of ownership, the condemning authority may initiate *106 new condemnation proceedings against the omitted parties. Forst, 209 N.W.2d at 7-8.
The trusts argue that the city's request to apportion the award was based entirely on section 6B.57. That is not correct. The city clearly raised other issues in its application to the chief judge, including claims of unjust enrichment and other legal attacks on the award. The district court did not consider these issues because it concluded that the dispute could be disposed of on other grounds. Because we find that the grounds upon which the district court acted were improper, we remand the case for the consideration of the issues that were not considered to the extent they affect the rights of the marital trust. Although the city's request for relief was cast in the form of a special request to the chief judge, we believe that on remand the matter should be treated as an action for declaratory judgment seeking an interpretation of the commissions award consistent with applicable law.
We have considered all issues presented and conclude that the judgment of the district court must be reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All justices concur except LARSON, J., who takes no part.
NOTES
[1] If an appeal had been taken from the commission's award, the problem of omitted parties could have been cured by ordering that they be made parties to the appeal. Eggleston v. Town of Aurora, 233 Iowa 559, 562, 10 N.W.2d 104, 105-06 (1943). This solution works in that situation because the appeal is a complete trial anew of the valuation issues. The validity of a compensation commission's award when necessary parties have been omitted, but no appeal has been taken, is an issue of first impression.